**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br>v.<br><br>LINCOLN UNIVERSITY OF PENNSYLVANIA; BRENDA ALLEN; BRIAN DUBENION; LENETTA LEE; LYNDSAY RAYMOND; GERALD GARLIC, REVEREND FREDERICK FAISON; OMEGA PSI PHI FRATERNITY, INC.; ALPHA PHI ALPHA FRATERNITY, INC.,<br><br>Defendants. | CASE NO. 2:20-cv-05363 |

# FIRST AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff hereby submits and files the following First Amended Complaint:

## I. PARTIES

1. Plaintiff, Jane Doe ("Plaintiff" or "Doe"), 22, is an adult individual who resides at [redacted], in New Castle, Delaware. Plaintiff was a student of Defendant, Lincoln University of Pennsylvania, at all times relevant hereto. Plaintiff previously filed a Motion to Proceed Anonymously in the Chester County Court of Common Pleas and intends to seek concurrence in and then re-file the same in this Court.

2. Defendant, Lincoln University of Pennsylvania, at all times relevant hereto, has a principal place of business and registered office address at 1570 Baltimore Pike, Lincoln University, PA 19352.

3. The following Defendants are named in their official capacities, and in their individual capacities as they personally participated in the discriminatory, harassing, and/or retaliatory acts, and/or the failure-to-accommodate Doe's gender dysphoria ("GD"), as alleged more fully herein: Brenda Allen, President; Brian Dubenion, Associate Vice President for Student Success and Dean of Students; Lenetta Lee, Dean of the College and Vice President, formerly Associate Vice President and Dean of Students, and Student Conduct Administrator; Lyndsay Raymond, Associate Director for Student Life & Development, Division of Student Success; Gerald Garlic, Title IX Coordinator; and Reverend Frederick Faison, Chaplain and Director of Religious Activities.

4. Omega Psi Phi Fraternity, Inc., is a corporation whose headquarters and principal place of business is located at 3951 Snapfinger Parkway Decatur, Georgia 30035. This Defendant operates a chapter at Lincoln University of Pennsylvania. The Lincoln University chapter of Omega Psi Phi Fraternity, Inc., is an all-male fraternity and an unincorporated association of Omega Psi Phi Fraternity, Incorporated. The address for the Lincoln University chapter of Omega Psi Phi Fraternity, Inc., is 1570 Baltimore Pike, P.O. Box 179, Lincoln University, PA 19352. This Defendant is jointly and severally liable to Doe.

5. Alpha Phi Alpha Fraternity, Inc., is a corporation whose headquarters and principal place of business is located at 2313 St. Paul Street, Baltimore, MD 21218. This Defendant operates a chapter at Lincoln University of Pennsylvania. The Lincoln University chapter of Alpha Phi Alpha Fraternity, Inc., is an all-male fraternity and an unincorporated association of Alpha Phi Alpha Fraternity, Incorporated. The Lincoln

University chapter of Alpha Phi Alpha Fraternity, Inc., is located at 1570 Baltimore Pike, Lincoln University, PA 19352. This Defendant is jointly and severally liable to Doe.

## II. JURISDICTION & VENUE

6. The Court of Common Pleas of Chester County, Pennsylvania, has original and exclusive subject-matter jurisdiction over this case pursuant to 42 Pa. C. S. § 931.

7. Personal jurisdiction is proper because, at all times relevant hereto, Defendant transacted, engaged in, and regularly conducted business in Chester County, Pennsylvania, at 1570 Baltimore Pike, Lincoln University, PA 19352, and Defendant owned, used, and possessed that location; and contracted to supply services and things to and from that location.

8. Venue is proper because the unlawful conduct out of which the causes of action described herein arose, and out of which the transactions and occurrences giving rise to those causes of action arose, took place in Chester County, Pennsylvania, at 1570 Baltimore Pike, Lincoln University, PA 19352.

9. Plaintiff has received the One-Year Letter from the Pennsylvania Human Relations Commission ("PHRC"), dated December 22, 2020, attached as Exhibit "A" hereto (redacted of Plaintiff's name and address).

## III. MATERIAL FACTS

10. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

11. At all times relevant hereto, Defendant, Lincoln University of Pennsylvania, received Federal financial assistance for the University's educational programs and activities.

12. Doe is a transgender woman of color who currently attends Lincoln University as a Senior.

13. Throughout Doe's tenure at Lincoln University of Pennsylvania, Doe paid the University substantial out-of-state tuition and fees, and took out loans, in order to be denied an education, by being subject to constant degrading mistreatment all four (4) years of her college experience from 2016 through 2019. The harassment and abuse included constant misgendering –which was intentional, malicious, and hateful – and other harassment, discrimination, and transphobia, perpetrated with impunity by students and fraternity members, staff and employees, including professors and administrators, of Defendant, Lincoln University of Pennsylvania.

14. Doe was continuously exposed to severe and traumatic bias incidents while a student at Lincoln University which similarly-situated students who identify as cisgender do not have to endure in order to access a college education.

15. Doe was frequently and continuously misgendered intentionally and even after being corrected, by students and fraternity members, staff and employees, including professors and administrators, of Lincoln University of Pennsylvania, who did not use Doe's preferred name, preferred pronouns, and/or treat Doe consistent with her gender identity, or with respect, including but not limited to the following:

16. Doe recollects that, beginning in or around August 2016, Doe was harassed on a frequent basis by fellow students and the staff and employees of Lincoln University of Pennsylvania, including, but not limited, to the following:

    a. Doe was continuously misgendered by employees including administrative staff members and/or professors, including, to Doe's recollection, Professor Mahpuia

Deas, Associate Professor in the Department of Languages and Literature, and the "Upperclassman [*sic*] Dean"; Dr. Nicole Files-Thompson, Associate Professor of Communication; Dr. Camilla Horne, Director of Choral Activities; and Valerie Reason, Program Assistant in the Office of Student Life and Development. The misgendering often occurred in class and/or in front of the other students, was humiliating, and set the example for the how the students also treated Doe which was with complete disrespect and inconsistent with Doe's gender identity (female).

b. In or around 2018 and 2019, Doe was repeatedly misgendered more than once, openly and conspicuously in class, by Professor, Dr. Mahpuia Deas, who is also the "Dean of Upperclassman" [*sic.*]. Doe repeatedly rebuffed the conduct and corrected Doe's pronouns with Dr. Deas on multiple occasions.

c. At one point, on or about February. 13, 2019, after being rebuffed and corrected regarding the use of incorrect pronouns – which constitutes protected conduct/activity as well as a request for a reasonable accommodation under the law – Professor Deas verbally apologized to Doe for misgendering Doe, and then added insult to injury by taking it upon himself to follow up later that same day with a written confirmatory e-mail, with the subject line, "Please Accept My Apology," and the message, "I sincerely apologize for mis-gendering you today. I realize its [*sic.*] my second mistake this semester. Please accept my apology. Warmly, Dr. Deas." Dr. Deas had already verbally apologized to Doe. Dr. Deas' conduct was unnecessary. Dr. Deas had issues with Doe's gender and does not understand how to interact with a transgender person. You verbally correct

yourself and/or apologize, then move on with class, remembering to use the correct pronoun moving forward. The goal is to create a respectful and inclusive environment in which everyone, including transgender and gender non-conforming people, can learn.

d. Doe also recollects occasions where employees and/or staff used a name to refer to Doe which is not Doe's preferred name and is not consistent with Doe's gender identity (female).

e. Doe recollects that the employees and/or staff of Defendant, Lincoln University of Pennsylvania, who were working in the cafeteria and/or dining area, on multiple occasions, used their phones to take unauthorized photographs of Doe without Doe's consent or permission, in order to bully and harass Doe, and they did not display similar conduct toward the other students at the school who identified as cisgender. Doe believes that the clothing that Doe was wearing and Doe's appearance did not conform to these individuals' stereotyped expectations for a cisgender woman.

f. Doe was routinely and regularly misgendered and harassed in a hateful and abusive manner by male students and fraternity members where Doe lived, for years, in or around 2016, 2017, 2018, and 2019, which exacerbated Doe's condition, and Doe became afraid to go outside, which is a coping mechanism that causes Doe isolation, pain, and suffering, which Doe continues to experience to this day.

17. Doe experienced harassment and discrimination on account of gender identity, gender expression, and sex, regularly throughout Doe's education, in Defendant, Lincoln

University's educational programs and activities, as well as in its housing and residential facilities and services, on a frequent and continuous basis, including, but not limited to:

a. Beginning in or around 2016, Defendants initially assigned Doe to a dormitory for men, which is on-campus housing that was not gender-appropriate and which was not consistent with Doe's gender identity (female). Doe was forced to live with, use a restroom with, and shower with other male students, despite being a transgender female, which was severely traumatic for Doe.

b. Beginning in or around 2016, the male students who lived with Doe in the dormitory frequently subjected Doe to harassment and abuse to which they did not subject the other students who identified as cisgender, including but not limited to:

c. The male students who lived with Doe, in or around 2016, would bang loudly on Doe's door to harass Doe.

d. The male students who lived with Doe, in or around 2016, spread false sexual rumors about Doe that Doe wanted to have sex with numerous other male students living in the dormitory with Doe, or words to that effect, which was completely untrue and humiliating. Doe's neighbors, students who were male, subjected Doe to ostracism and aversion, on this account, which was also humiliating.

e. Doe also overhead a group of male students, in the room next to Doe's room, talking about Doe outside of Doe's presence. During the discussion, Doe overhead a male student saying that he would physically hurt Doe if Doe tried to approach him, or words to that effect.

f. Doe recollects that she was referred to as “the gay boy” during the subject timeframe, which was used intentionally as an offensive slur, and Doe does not identify as gay. Doe is a transgender woman.

g. On one occasion, in or around the same timeframe, Doe was accosted, verbally assaulted, and the situation escalated and almost became physical, with a male resident of the dorm. It was anomalous to require Doe to use a male dorm and a male restroom. Doe recollects she was in the restroom brushing her hair. Doe’s hair is long, extends down to Doe’s waist, she appears as female, and presents as a female. A male resident walked by and harassed Doe while she was in the restroom by stating loudly to another male resident, “The gay boy in the bathroom doing his hair for you,” or words to that effect.

h. In response to the harassment while Doe was in the restroom, Doe left the first restroom, and walked around to use another restroom farther away in the dormitory, in order to avoid any further confrontation. Once Doe finished and left the second restroom, a male resident in the hallway stated openly to another male resident about Doe, that Doe was allegedly “looking at your butt” while the student was walking down the hall, which is untrue. Doe rebuffed the conduct by standing up for herself and responding to the student, “Is there something wrong?” The male student intimidated Doe by getting in Doe’s face in an extremely aggressive manner, and physically threatening Doe, by stating, “We can box if it’s a problem,” or words to that effect. Doe retreated back to her dorm room in order to avoid physically fighting the student for attempting to use a restroom in the dorm.

i. Doe recollects that, in or around 2016, Doe printed flyers to run for the head of the hall, which was known as the "hall king," which is also not a gender-inclusive term. Doe is a transgender woman, and was not elected. Doe's flyers were ripped down by the other male students. Doe believes the mistreatment occurred because Doe was forced to live in a male dorm, and was stereotyped as not conforming to the male gender, by the male students with whom she lived.

j. Doe reported the bias incidents to Resident Advisors ("R.A.s") Allen, Nafeece (sp.), and the Residence Coordinator ("R.C."), Mr. Harris, who exhibited deliberate indifference, and did nothing to meaningfully rectify the situation.

k. In or around Sophomore Year, 2017/2018, Doe recollects Doe specifically expressed and requested that Doe "did not want to live with males," and that it "was due to her gender," or words to that effect. Defendant, Lincoln University, still did not permit Doe to access dormitories, housing, and/or residential opportunities, on an equal and non-discriminatory basis, as a person who identified as female in order to be consistent with Doe's gender identity, for which Defendant, Lincoln University, is itself specifically liable.

l. In or around 2017, 2018, and 2019, Doe was assigned by Defendant, Lincoln University of Pennsylvania, to live in a solo suite that belonged to the Title IX Coordinator, and which is otherwise used or known as a medical suite when unoccupied, within a facility which was *not* appropriate because it was for men, and specifically within a male fraternity. It is completely unacceptable, constitutes abject discrimination, harassment, failure-to-accommodate, and retaliation, and is egregious and atrocious misconduct which amounts to

deliberate indifference, to move a transgender female student from a male dorm on campus, and into a male *fraternity* section on-campus, and then to the male dorm on campus where Plaintiff previously lived, after the student complained about discrimination and requested gender-appropriate housing. Plaintiff was denied equal access to housing and residential opportunities on an equal and non-discriminatory basis, as compared with Doe's other similarly-situated cisgender female students. Lincoln University made this discriminatory decision regarding Doe's housing on account of the fact that its employees did not otherwise know what to do with the Plaintiff.

m. Plaintiff was singled out for discriminatory exclusion, harassment, and retaliation by being assigned to an isolated suite which was the Title IX Coordinator's, Mr. Garlic's, personal suite, and/or the medical suite, simply because Doe had made a reasonable suggestion and request that the Plaintiff be permitted to access gender-appropriate facilities and services, and that other students be counseled to treated Plaintiff consistent with her gender identity (female), which the Defendants never did.

n. The living arrangement for Doe constitutes disparate treatment in that it was different than what is provided to a student who identifies as a cisgender female, and the decision singled the Plaintiff out for isolation, exclusion, harassment, which is a type of stigmatization or discrimination that individuals with disabilities often experience in particular.

o. The isolation, exclusion, and discrimination against Doe in the form of the Defendants' own discriminatory acts, in refusing to permit Doe to live with

cisgender female students, forcing Doe to live with cisgender male students, forcing Doe to live specifically within a male fraternity, refusing to treat Doe consistent with Doe's gender identity, and Defendants' deliberate indifference, thereby exposed Doe to further harassment and abuse by the men with whom she was forced to live in the fraternity.

p. The University's own discriminatory conduct also set the example for the further harassment Doe suffered from the other male students in the fraternity in which she was forced to live by the University, including but not limited to.

q. Throughout the academic year, in or around 2018 and 2019, Doe's fellow students, in the fraternity in which she was forced to live, removed Doe's personal items and threw them down the halls.

r. Throughout the academic year, in or around 2018 and 2019, trash was left in front of Doe's door, but not the other students' doors, in Doe's residence.

s. The resident assistants on Doe's floor were members of Omega Psi Phi Fraternity, Incorporated, and they all identified as male. The resident assistants failed to remedy the harassment Doe was receiving from fellow students, and also participated in harassing Doe.

t. When Doe walked throughout the dorms and campus, the male students, including members of Omega Psi Phi, referred to Doe as "faggot" and purposefully used "he" to incorrectly identify, and to hatefully, intentionally, and maliciously misgender Doe.

u. On frequent occasions when there were social events on campus, Doe recollects that the other students would identify Doe specifically as a transgender person, rather than Doe's preference, which is to be identified as a person who is female. Doe also contends this otherwise outed Doe as transgender beyond an extent with which Doe felt comfortable to the other students in attendance.

18. Doe was continuously denied access to educational programs or activities, on the same terms and conditions as students who identify as cisgender, including but not limited to:

a. In or around September 2018, when Doe expressed interest in auditioning for Stroll Like Alpha, a competition that was co-sponsored by a sorority and a fraternity. Doe was denied the ability to participate. It is believed Doe was denied by the fraternity on account of the fact that Doe did not conform to the fraternity's stereotyped expectation of a cisgender woman.

b. Doe was discriminated against by Defendant, Lincoln University of Pennsylvania, by being denied access to the Respondent's cheerleading team or squad, to wit:

c. In or around the beginning of 2017, Doe wanted to become a part of Lincoln University's cheerleading team, and in or around April 2017, Doe auditioned for the cheerleading team as a freshman. Doe identified that she wanted to wear female clothing.

d. On or about April 21, 2017, after Doe auditioned for the cheerleading team, fellow students denied Doe's participation because they did not know what to do with Doe, and Defendant, Lincoln University of Pennsylvania, acquiesced in the conduct.

e. Complainant applied for the Lincoln Woman of the Year in January 2019 and was denied on account of discrimination.

f. On or about February 2019, Doe exited the dormitory to go outside and a group of three (3) male students, who are also fraternity members, who mocked, ridiculed, and harassed Doe. Doe was laughed at, she was incorrectly identified with "he" pronouns, Doe was called a "faggot," and one of the male students and fraternity members stated, "He's gay as shit."

g. On or about February 7, 2019, members of Omega Psi Phi denied Doe's participation in their fashion show because of Doe's gender identity, gender expression, and/or on account of gender stereotyping. Doe was told she could not perform a piece in the show, recollects she was told, "It's a sexy scene for girls," "The old heads wouldn't understand," and, "It's for your own good." Doe was denied the ability to participate on the same terms and conditions as similarly-situated students who identify as cisgender on account of discrimination.

h. On or about February 7, 2019, with respect to the fashion show, Doe requested from the Skit Director to be able to walk the runway with the other students during another scene, if she were going to be denied the ability to perform a solo piece of her own in the fashion show. The Skit Director stated to Doe that, instead of walking in the fashion show where the men in the fraternity would see her, "you should wait until after the show, and then you could have the entire place to perform to yourself," which was humiliating to Doe, and constituted different terms and conditions than those

which were afforded to students who identify as cisgender. Doe was denied the ability to participate in any scene or performance during the fashion show on account of discrimination.

19. Doe recollects that she lodged complaints, for example, about her living situation, multiple times to Mr. Gerald Garlic, Title IX Coordinator, in or around 2016 and/or 2017. Doe recollects she specifically complained about the abuse and harassment Doe suffered in the male dorm to which the University assigned Doe, before Doe was moved to the male fraternity. Mr. Garlic exhibited deliberate indifference and turned a blind eye to Doe's complaints at the time.

20. Mr. Garlic and the University exhibited deliberate indifference, further disadvantaged Doe by forcing Doe to move (and not Doe's harassers), and by specifically moving Doe to a male *fraternit*y, which is unconscionable, not gender-appropriate, and where Doe was foreseeably subjected to further harassment.

21. On or about February 13, 2019, Doe formally lodged a complaint with the Associate Vice President for Student Success and Dean of Students, Brian Dubenion. Doe informed him that Doe was being discriminated against, misgendered, and harassed at the school. Doe recollects she also specifically stated to Mr. Dubenion that Doe was recently denied participation in the fashion show, and was recently harassed, because the men of Omega Psi Phi are transphobic and display transphobia towards me, or words to that effect.

22. On or about February 14, 2019, Mr. Dubenion cc'd Defendant, Dr. Lenetta Lee, and said Dr. Lee could help Doe with the concern. Dr. Lee was, at all times relevant hereto,

Dean of the College and Vice President, Dean of Students, and/or Student Conduct Administrator.

23. When Dr. Lenetta Lee met with Doe, she did not address Doe's concerns, and was offensive and transphobic. Dr. Lee stated to Doe in a condescending manner to Doe that Doe "should've sat some things out," or words to that effect. Dubenion and Lee turned a blind eye, and exhibited deliberate indifference to transphobia, bigotry, and discrimination, occurring in their school against Doe. Dr. Lee was transphobic and discriminatory toward Doe on account of Doe's gender identity.

24. Even after Doe's complaints, the transphobia and harassment from the members of Omega Psi Phi was not remedied, and Doe experienced further harassment and abuse due to Respondents' failure to promptly intervene to correct and remedy the problem.

25. The transphobia, discrimination, and harassment of Doe, consisting of excluding Doe from educational programs and activities, and not allowing her to participate on an equal and non-discriminatory basis, also further continued, unrectified, to wit:

a. In or around the beginning of 2019, Doe again expressed interest in becoming a part of the Lincoln University cheerleading team, and Doe was again denied on account of gender identity or expression.

b. In or around March 2019, a fellow student of Doe's informed Doe that the cheerleading team had a discussion about who would show up at the cheerleading team interest meeting. The student said that Doe's name came up and it was decided that they were not going to pick Doe for the team, or words to that effect.

c. In or around March 2019, Doe showed up to the cheerleading team interest meeting anyway. Doe experienced bias, aversion, and exclusion. Team members stated that the team had to be cohesive and everyone had to blend in. No one was allowed to stand out. Doe was denied participation on the team.

d. Doe continued to be denied access to educational programs or activities including applying to be Miss Lincoln University in 2019. Miss Lincoln University serves as a student ambassador to the University.

e. On or about March 8, 2019, Respondent's Associate Director for Student Life and Development, Lyndsay Raymond, denied Doe's application because Ms. Raymond stated Doe did not have the G.P.A. requirement of a 3.0. However, Doe obtained a 3.36 G.P.A. the previous semester and was qualified but was still denied the opportunity because Doe is a transgender woman.

26. On or about March 11, 2019, Doe reached out to Dr. Lenetta Lee to remind her about scheduling a mediation meeting with the fraternity. Dr. Lee responded simply, "Reach out to Dr. Faison." Dr. Faison is the Chaplain and Director of Religious Activities. It was Dr. Lee's idea for Doe to reach out to the campus pastor on account of transphobia and discrimination Dr. Lee has for transgender people, as similarly-situated female students who identify as cisgender, and who complain about sexual harassment by male students who are cisgendner, are directed to the Title IX Coordinator, under the University's sexual harassment policy, in order to be compliant with Title IX, which the Defendants never did here.

27. On or about March 20, 2019, Doe emailed Lincoln University President, Brenda Allen, to complain about the harassment and discrimination Doe was receiving because of

Doe's gender identity. President Allen turned a blind eye and exhibited deliberate indifference to transphobia, bias, and hatred against the transgender community occurring in her school against Doe.

28. On or about April 2, 2019, Doe emailed Respondent's Director of Facilities, Mr. Michael Reed, about an incident with two of his maintenance men that occurred on March 25, 2019. The two men keyed into Doe's suite unauthorized, without knocking and while the music was playing. During this time, Doe was undressed in the suite. Doe ran into the bathroom. When Doe asked the maintenance men what the urgency was because they frightened Doe and Doe's friend, one of the maintenance men said they needed to sew a curtain that was recently bought, or words to that effect. Doe asked them if that was all, and one of the men grinned, and stated, "That's all," in a manner which caused the Plaintiff concern. The two men did not apologize. Doe reported the incident to Mr. Reed but heard nothing more about the incident. Doe believes that the incident is retaliation for Doe's protected conduct/activity, and requests for reasonable accommodations, and on account of discrimination and harassment.

29. On or about June 3, 2019, Doe emailed Mr. Garlic informing Mr. Garlic that Doe has not heard anything about the Omega Psi Phi situation and was under the impression that the matter was not being taken seriously, and Doe also emailed Mr. Garlic that Doe had not heard back about the maintenance men.

30. In or around this timeframe, in 2019, Doe specifically requested, for example, to be moved from apartment-style living (ASL), to LLC, which would have been a specific living-situation change that Doe thought would be acceptable to Defendants on account

of their transphobia and issues with Doe's gender. Doe requested the change due to Doe's safety and harassment concerns, specifically due to Doe's fear, which Doe expressed at that time, that "the students are going to attack me," or words to that effect. The University was entirely dismissive. The University denied Doe's request. Doe recollects that she was instructed "They don't make special accommodations," or words to that effect.

31. On or about June 28, 2019, Doe contacted President Allen and Mr Garlic. Doe expressed that Doe no longer wanted to live in apartment-style living due to safety concerns.

32. On about August 2019, and only at Doe's behest, Doe was moved back and assigned Doe's previous suite that Doe resided in during the 2018-2019 academic year, putting a target on Doe's back. Defendants' repeated and continuous discriminatory conduct in moving Doe from a male dorm on campus, then to a male fraternity section in apartment-style living on-campus, then back to the same male dorm on campus, all when Doe requested to be treated consistently with Doe's gender identity (female), constitutes sex discrimination, deliberate indifference, and is nothing short of cruel and abusive mistreatment.

33. In or around October 2019, in an attempt to remedy the situation, Doe filed a complaint against Defendant, Lincoln University of Pennsylvania, with the Pennsylvania Human Relations Commission ("PHRC"), alleging discrimination and harassment. The PHRC has provided no meaningful assistance to Doe, has shown no sincere interest in resolving the matter, and the discrimination, harassment, failure-to-accommodate, and retaliation continued unrectified.

34. Defendants took no disciplinary action against the harassers and/or the fraternity at any point, the transphobia continued, the harassers were emboldened, and Doe experienced further harassment.

35. In or around March 2019, after Doe complained to Defendants Dubenion and Lee, and after Doe met with Defendant Lee – who turned a blind eye and exhibited deliberate indifference to Doe's plight – Doe followed up again with Lee for a second time. The second time Doe requested "mediation" specifically. Nobody from the University provided Doe with the option of mediation, directed Doe to the Student Handbook, or directed Doe to this option in the Student Handbook. Doe had found a specific section in the Student Handbook permitting Doe to request mediation from the University. Doe had made the request and taken this upon herself.

36. Defendants failed to suggest a mediation as an available means of Doe resolving her issues of sex-based harassment including in 2016, 2017, and 2018, and it was only when Doe found this specific section in the Student Handbook, and requested mediation from the University, that it occurred. It is acknowledged, in or around April 2019, that a meeting was held, at Doe's own behest and not the Defendants', with Doe, her harassers, and Reverend Frederick Faison, Chaplain and Director of Religious Activities, to wit:

a. The meeting was initially scheduled by Reverend Faison to occur on April 5, 2019, but Reverend Faison abruptly cancelled and rescheduled it from April 5, 2019 to April 11, 2019 without any explanation. On April 11, 2019, Doe had to be called out of class to attend the meeting, which added insult to injury and further disadvantaged Doe.

b. Rev. Faison harbored religious bigotry and animus toward Doe on account of her gender identity, gender expression, and/or on account of gender stereotyping. Doe contends the "mediation" was a charade and a sham. Doe disputes the characterization of this session as a "mediation" because of Reverend Faison's own conduct, and that of the harassing students and fraternity members, during the meeting.

c. Rev. Faison did not create an equal or level-playing field.

d. It should also be pointed out that the meeting was not initially provided to Plaintiff, was not promptly provided to Plaintiff, and occurred too late as Plaintiff experienced further harassment at that point for which she specifically seeks to recover compensatory and other available damages in this action.

e. The meeting with the Omega Psi Phi Fraternity was limited in scope, as it did not address the University Defendant's and the Individual Defendants' own disparate treatment, discrimination, gender stereotyping, and failure-to-accommodate Doe, as well as their own harassment, misgendering, and retaliation against Doe, or anything outside of the context of the Omega Psi Phi Fraternity specifically. Doe's other serious concerns of transphobia, discrimination, harassment, failure-to-accommodate, and retaliation by the University and its officials and employees, were not addressed at the mediation meeting with the fraternity.

f. The mediation meeting with the fraternity was only held as the request and repeated insistence of Doe, not the Defendants. Plaintiff had to request the meeting because Defendants exhibited deliberate indifference. Defendants exhibited deliberate indifference to discrimination, harassment, and retaliation

before, during, and after the meeting. Plaintiff approached Dr. Lee after Dr. Lee exhibited deliberate indifference to the situation, and Plaintiff stated that Plaintiff had consulted the Student Handbook which states that a mediation can be requested with the Plaintiff's harassers, and an appropriate school official, as the first step in a discrimination or harassment complaint. Plaintiff had to repeatedly request assistance from Dr. Lee, and it was Plaintiff, and not the Defendants, who requested a mediation.

g. It is believed Defendants permitted a mediation which was fundamentally unfair, discriminatory, hostile, abusive, and part of the further harassment and transphobia that Doe experienced. The meeting was abusive, hostile, and discriminatory, in and of itself. Reverend Frederick Faison was selected to be in charge of and conduct the meeting, and demonstrated bigotry and transphobia toward Plaintiff during the meeting, misgendered, harassed, discriminated against, and retaliated against Plaintiff. Plaintiff was continuously misgendered by Rev. Faison who refused to treat Plaintiff consistent with her gender identity with preferred pronouns even at the mediation meeting. Reverend Faison harbored religious bigotry and animosity toward Plaintiff on account of her gender identity, gender expression, and/or on account of gender stereotyping.

h. Plaintiff was also openly harassed during the meeting by the male students and fraternity members with impunity as Rev. Faison did nothing to intervene to correct or remedy the problem of misgendering and harassment by the students during the meeting, was willfully blind to it as it was occurring before his eyes at

the meeting, and Dr. Faison participated in it himself as above setting the example for the students.

i. Plaintiff corrected Plaintiff's name and pronouns, and requested to be treated consistent with Plaintiff's gender identity, including in name, pronouns, and also in school activities, at the meeting with Rev. Faison, in front of Rev. Faison and also the Plaintiff's harassers. No resolution or answer was provided to this by Rev. Faison in front of Plaintiff's harassers at the meeting.

j. The harassers mocked and ridiculed Plaintiff's attempts to gain equal access to educational programs and activities including those involving the fraternity – and to be treated consistent with Plaintiff's gender identity (female) in these respects – at the meeting, in the presence of Rev. Faison, uncorrected by Rev. Faison, and with impunity.

k. Rev. Faison was deliberately indifferent to the harassment, misgendering, and discrimination being willfully blind to it occurring before him at the meeting and himself participating in it.

l. Plaintiff was subjected to gender stereotyping, disparate treatment, discrimination, harassment, and retaliation at the meeting, and Defendant, Lincoln University of Pennsylvania, failed to accommodate Plaintiff at the meeting.

m. The meeting itself was further harassment of the Plaintiff.

n. The meeting constitutes a bias incident toward the Plaintiff.

o. There was no action taken and no effort made whatsoever at the meeting on behalf of the Plaintiff, to treat Plaintiff consistent with her gender identity, or with even a modicum of dignity and respect.

p. It was Doe who looked up the availability and requested mediation as an option – and *not* the Defendants, who willfully kept that option from Doe initially – although Defendants did eventually schedule a meeting for Doe, but it was with Reverend Frederick Faison, Chaplain and Director of Religious Activities, rather than with the Title IX Coordinator or an independent and neutral mediator or ombudsperson.

q. Doe was never even given the option of actually filing a sexual harassment complaint under the University's Title IX policy. Such a complaint would normally be investigated by the University's Title IX Coordinator as a violation of school policy and the law specifically prohibiting sex discrimination. Doe was never provided this option. Doe was only provided mediation, and only after Doe had to ask for mediation.

r. A student should have the option of filing a complaint and having the complaint investigated, rather than the only option being a mediation where the complainant is required to confront their harasser, so that sexual harassment does not go unremedied. Doe never had the option of filing a complaint, only being required to confront her harassers in a charade and a sham "mediation". As a result, Doe was not permitted to file a complaint under the Title IX policy, Doe suffered further harassment, Defendants created and fostered a hostile educational environment based on sex, and were willfully blind and deliberately indifferent to continuing discrimination and harassment occurring against Doe in their school.

s. Once a student subjected to sexual harassment voluntarily agrees to mediation, the student should have the option of mediation presented to them, and separately the

option of confronting their harasser at the mediation presented to them. Both options should be communicated and it should be communicated that both are completely voluntary meaning that agreement with one does not mean automatic agreement to the other. A student who reported a harasser should be allowed to proceed with a complaint and/or to mediate under the Title IX policy without being compelled to confront their harasser, in order to promptly and appropriately correct or remedy the hostile educational environment which may exist, or else sexual harassment would routinely go unremedied in the University setting.

t. Defendants did not acknowledge and were deliberately indifferent to the fact that Doe's complaint stated an actionable complaint of sexual harassment and was required to be addressed under the school's ***Title IX*** ***sexual harassment*** policy, not simply by the Chaplain and Director of Religious Activities as a matter purely of student conduct.

u. Reverend Faison never interviewed Plaintiff outside the presence of the harassers and never conducted any investigation into the matter.

v. Reverend Faison intimidated Doe and also intentionally discriminated against Doe when intentionally and in a discriminatory fashion Reverend Faison refused to treat Doe consistent with her gender identity or expression by using incorrect pronouns at the meeting.

w. Reverend Faison displayed open hostility and transphobia toward Doe, and harbored religious bigotry and animosity toward Doe, on account of Doe's gender identity, gender expression, and/or on account of gender stereotyping. It was a charade and a sham to involve the Chaplain and Director of Religious Activities –

rather than the Title IX Coordinator, which is what is required – in a case of sexual harassment, let alone LGBT sexual harassment, rather than simply a matter of student conduct. This discriminatory act on behalf of the University itself constitutes in and of itself disparate treatment of Doe based on sex in violation of Title IX. A cisgender female student's complaint of sexual harassment is addressed by the Title IX Coordinator, not addressed by the Chaplain and Director of Religious Activities.

x. A complaint of LGBT harassment should be processed as a complaint of sexual harassment which it does not appear the University did here. A cisgender female student's complaint of sexual harassment would have been handled differently by: being processed as a violation of the Title IX policy, mediation would have been offered in response to a complaint, confronting the harassers would have been optional to address a complaint, and Doe's harassers would have been disciplined, rather than Doe being disadvantaged, and further harassed, discriminated against, and retaliated against. Doe seeks equitable and injunctive relief for Defendant to process Doe's complaint as a complaint of sexual harassment under the Title IX policy, the same as a cisgender female student's complaint would be treated, and not differently as purely a student conduct issue or problem with Doe needing to be addressed by the campus pastor.

37. The harassment Doe experienced was severe, pervasive, denied Doe access to educational opportunities, programs, and activities, and destroyed Doe's emotional well-being, to wit:

a. The transphobia and harassment happened on a continuous basis to the point where Doe became suicidal, considered harming herself, and became severely depressed. Doe's mental health and self-worth were completely destroyed by the Defendants. The severe trauma has affected Plaintiff's development. Plaintiff feels forever changed by what the Defendants did to her. Doe endured traumatic and discriminatory abuse at the hands of the Defendants for which she specifically seeks to recover actual and compensatory damages herein.

b. Hal Byck, M.D., Nemours DuPont Pediatrics, Wilmington, DE, indicated Doe was part of his practice, and authored a letter dated December 5, 2019 stating Doe was seen in the office on June 21, 2019, at which time she "expressed she has been feeling depressed and having suicidal thoughts without a plan. She has been experiencing dysphoria, discrimination from school, and harassment from other students. [Doe] was suffering from emotional distress and was referred to psychology." This is attached as competent medical evidence. See Exhibit "B" attached hereto (redacted).

c. Based upon this recommendation Doe also subsequently treated with a second provider.

d. Discrimination, harassment, bullying, and similar abuse from peers, and also from those in a position of trust like school officials who are supposed to be responsible for Doe and not harm Doe, had a deleterious effect on the developing brain at Doe's age, and severely harmed her;

e. The conduct exacerbated Doe's gender dysphoria;

f. The conduct caused Doe severe regression and arrested Doe's development;

g. Doe entered a state of deep despair;

h. While attending classes Doe constantly feared for her safety from other students;

i. Doe refused to go outside to avoid discrimination, transphobia, and hateful abuse;

j. Isolation and exclusion worsened Doe's mental health condition;

k. Doe stopped regularly attending classes;

l. Doe failed her Minor.

m. The peer harassment, bias incidents, and transphobic abuse of Doe which Defendants failed to remedy was not the only cause of Plaintiff's severe emotional distress, but also Defendants' employees' own harassment, disparate treatment, and continuous discriminatory, harassing, and retaliatory exclusion of Plaintiff from programs and activities.

n. The inability of school officials to accept Plaintiff for who she was had a profound and traumatic impact on Plaintiff's self-worth, ability to communicate and interact with others, social functioning, and ability to form meaningful relationships and connections with others.

o. The trauma and worthlessness are more deep-seated and more painful because they come from school officials in whom Plaintiff was expected to and did place her trust when requesting assistance from them. School officials misgendered, harassed, and discriminated against the Plaintiff.

## IV. CLAIMS FOR RELIEF

### COUNT I:
### PEER-ON-PEER HARASSMENT BASED ON SEX/GENDER, GENDER IDENTITY AND/OR EXPRESSION, AND/OR GENDER STEREOTYPING, IN VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, AS AMENDED
### (Plaintiff, Jane Doe v. Defendant, Lincoln University of Pennsylvania)

38. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

39. Complainant suffered peer harassment, discrimination, misgendering, and abuse based on sex/gender, gender identity, gender expression, and/or gender stereotyping, for which Defendant, Lincoln University of Pennsylvania, is liable.

40. Doe complained about harassment and discrimination repeatedly and requested to be treated consistent with her gender identity (female) to no avail.

41. The University turned a blind eye and was deliberately indifferent exposing Doe to further harassment and abuse.

**WHEREFORE**, Plaintiff, Jane Doe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all actual and/or compensatory damages for suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a clear and unequivocal policy stating that students will be treated consistent with their gender identity and gender expression, including that students will be permitted to use gender-appropriate facilities, will be permitted to access educational programs, activities, and services, on an equal and non-discriminatory basis, and in a manner that is consistent with their gender identity, and stating that students will be referred to by preferred name and pronouns; to process Doe's complaint as a complaint of sexual harassment under the Title IX policy, the same as a cisgender female student's complaint would be treated, and not differently as purely a student conduct issue or

problem with Doe needing to be addressed by the campus pastor; and to provide LGBT sensitivity training for all employees and students.

**COUNT II:**
**DISPARATE TREATMENT/DISCRIMINATION BASED ON SEX/GENDER, GENDER IDENTITY AND/OR EXPRESSION, AND/OR GENDER STEREOTYPING, IN VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, AS AMENDED**
**(Plaintiff, Jane Doe v. Defendant, Lincoln University of Pennsylvania)**

42. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

43. The Defendants themselves, including their own employees, administrators, and/or professors, and not just Doe's peers or fellow students, subjected Doe to stigmatizing mistreatment, including providing different terms, conditions, and privileges regarding the provision of services and facilities to Doe.

44. The Defendants denied Doe equal access to residential and educational programs, activities, and/or other opportunities, at the University, based on sex/gender, gender identity or expression, and/or gender stereotyping, in clear violation of Title IX.

45. The Defendants themselves discriminated against Doe and subjected Doe to stigmatizing mistreatment, including but not limited to:

   a. Directly assigning Doe to housing/residential facilities, and concomitantly, restrooms and showers, which were never gender-appropriate, in that they were inconsistent with Doe's gender identity (female). The same were denied even after Doe complained and specifically requested to be treated consistent with her gender identity.

b. Directly denying Doe the ability to compete for Miss Lincoln University in 2019. Specifically, Defendant, Ms. Lyndsay Raymond, denied Doe the ability to compete for Miss Lincoln University in 2019 on account of discrimination.

c. Acquiescing in the denial of Doe's ability to compete for Lincoln Woman of the Year in January 2019;

d. Acquiescing in the denial of access to the University cheerleading team/squad on a non-discriminatory basis in 2017 and 2019;

e. Acquiescing in the denial of access to the Stroll Like Alpha competition in 2019;

f. Acquiescing in the denial of Doe's ability to participate in the Omega Psi Phi fashion show in 2019;

g. Lincoln University officials failed to permit Doe to take advantage of the school's facilities, services, and educational programs and activities, on an equal and non-discriminatory basis.

h. When Dr. Lenetta Lee met with Doe, she did not address Doe's concerns, and was offensive and transphobic. Dr. Lee stated to Doe in a condescending manner to Doe that Doe "should've sat some things out," or words to that effect.

i. Defendants' own employees participating in misgendering, harassing, discriminating against Doe, subjecting Doe to gender stereotyping, and disparate treatment based on sex. For example, Doe was treated with complete disrespect and lack of dignity by Defendant's professors and administrators who misgendered and/or dead-named Doe.

j. Defendant's cafeteria workers took unauthorized photographs of Doe to humiliate her, and Defendant's maintenance men barged into Doe's room unannounced.

k. Defendants isolated and excluded Doe specifically in a private solo medical suite instead of permitting Doe to access services and facilities, including housing and residential opportunities, on an equal and non-discriminatory basis, on the basis of Plaintiff's gender identity (female), as compared to similarly-situated students who identify as cisgender.

l. Defendants specifically *re*-assigned Doe to a male fraternity section in apartment-style living on-campus, forcing Doe to live in isolation within a male fraternity which is not gender-appropriate. A cisgender female student complaining of sexual harassment would not have been treated the same under a Title IX-related policy.

m. The Defendant University moved Doe back only at Doe's request but again *re*-assigned Doe to the male dorm in which Doe previously lived on campus, which was still not gender-appropriate, even after Doe specifically complained about living with other cisgender female students. A cisgender female student complaining of sexual harassment would not have been treated the same under a Title IX-related policy.

46. A female student who is cisgender, who complained about sexual harassment, would not have been treated the same as Doe under a Title IX-related policy. Defendants responded to Doe's complaints of harassment, discrimination, transphobia, and/or abuse by students and/or employees in a discriminatory manner by treating the complaints differently than complaints made by female students who are cisgender, about male students who are cisgender including fraternity members. There is no evidence Defendants even

considered Doe's complaint to constitute sexual harassment under a Title IX-related policy, or as anything other than a student conduct issue.

47. Instead of the Title IX Coordinator addressing the complaint as a complaint of sexual harassment, Dr. Lee considered it a student conduct issue, and added insult to injury by involving the Chaplain and Director of Religious Studies instead of the Title IX Coordinator. Doe seeks equitable and injunctive relief for Defendant to process Doe's complaint as a complaint of sexual harassment under the Title IX policy, the same as a cisgender female student's complaint would be treated, and not differently as purely a student conduct issue or problem with Doe needing to be addressed by the campus pastor.

**WHEREFORE**, Plaintiff, Jane Doe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all actual and/or compensatory damages for suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a clear and unequivocal policy stating that students will be treated consistent with their gender identity and gender expression, including that students will be permitted to use gender-appropriate facilities, will be permitted to access educational programs, activities, and services, on an equal and non-discriminatory basis, and in a manner that is consistent with their gender identity, and stating that students will be referred to by preferred name and pronouns; to process Doe's complaint as a complaint of sexual harassment under the Title IX policy, the same as a cisgender female student's complaint would be treated, and not differently as purely a student conduct issue or

problem with Doe needing to be addressed by the campus pastor; and to provide LGBT sensitivity training for all employees and students.

**COUNT III:**
**PEER-ON-PEER HARASSMENT BASED ON DISABILITY IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973, AS AMENDED**
**(Plaintiff, Jane Doe v. Defendants, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, and Faison)**

48. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

49. Plaintiff has an actual disability, a record of a disability, and/or was perceived/regarded as disabled by Defendants, to wit:

    a. Plaintiff has an actual physical impairment in that Plaintiff has a biological condition plausibly of physical origin due to brain neuroanatomy, and the formation of that brain neuroanatomy in the womb, which substantially limits the major life activities of interacting with others, reproducing, and social and occupational functioning.

    b. Plaintiff has a record of a disability in the form of a biological condition plausibly of physical origin when Plaintiff's brain neuroanatomy was formed in the womb before birth resulting in her anatomical sex not corresponding with her gender identity.

    c. Plaintiff was perceived or regarded by Defendants as disabled in that they stereotyped her as having a mental impairment. However, being transgender is *not* a mental disorder.

    d. Alternatively, upon information and belief, Plaintiff has an actual physical and/or mental impairment in the form of gender dysphoria ("GD"), defined as clinically

significant distress associated with being transgender, which substantially limits the major life activities of working, interacting with others, reproducing, and social and occupational functioning.

50. Plaintiff suffered peer harassment based on actual and/or perceived disability.

51. Doe complained about harassment and discrimination repeatedly and requested to be treated consistent with her gender identity (female) to no avail.

52. The University turned a blind eye and was deliberately indifferent thereby exposing Doe to further harassment, discrimination, transphobia, and abuse.

53. The Individual Defendants are personally liable for failing to prevent, correct, and remedy a transphobic, discriminatory, and hostile educational environment, of which they had actual knowledge, and as a result of which the Plaintiff was subjected to further harassment, and exposed to additional severe and traumatic bias incidents. See Datto v. Harrison, 664 F. Supp. 2d 472 (E.D. Pa. 2009).

54. Defendants Allen, Dubenion, Lee, Raymond, Garlic, and Faison received complaints of discrimination and harassment from Doe to which they turned a blind eye and/or exhibited deliberate indifference causing severe and lasting traumatic harm to Doe, due to Defendants' transphobia and severe emotional abuse.

55. Defendants Allen, Dubenion, Lee, Raymond, Garlic, and Faison personally discriminated against Doe by subjecting Doe to gender stereotyping, disparate treatment, failing to accommodate Doe, and retaliating against Doe on account of her protected conduct/activity, rebuffs of misgendering, harassment, and discrimination, and Doe's requests for reasonable accommodations, including to be called a preferred female name, female pronouns, and to be treated with respect, consistent with her gender identity, and

to access educational opportunities, programs, and activities, on an equal and non-discriminatory basis.

**WHEREFORE**, Plaintiff, Jane Doe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all actual and/or compensatory damages for suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a clear and unequivocal policy stating that students will be treated consistent with their gender identity and gender expression, including that students will be permitted to use gender-appropriate facilities, will be permitted to access educational programs, activities, and services, on an equal and non-discriminatory basis, and in a manner that is consistent with their gender identity; stating that students will be referred to by preferred name and pronouns; and to provide LGBT sensitivity training for all employees and students.

**COUNT IV:**
**FAILURE-TO-ACCOMMODATE DISABILITY IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973, AS AMENDED**
**(Plaintiff, Jane Doe v. Defendants, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, and Faison)**

56. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

57. Defendants, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, Faison, and/or other employees, agents, and/or servants of Defendant, Lincoln University of Pennsylvania, failed to accommodate Plaintiff's actual disability, as follows:

a. Doe requested to live peaceably with other students who are female, and despite Doe's repeated requests, Defendants denied Doe the ability to access housing and residential facilities, services, and opportunities, on an equal and non-discriminatory basis. Defendants did not provide Doe gender-appropriate housing and/or residential facilities/services which were consistent with Doe's gender identity (female).

b. Defendants did not provide Doe on-campus housing which was gender-appropriate, including a dorm room, restroom, shower, and residence hall on campus, which was consistent with Doe's gender identity (female).

c. Defendants transferred Doe to a single located within a male fraternity section in apartment-style living on-campus, which is also not gender-appropriate housing/residential placement, is not consistent with Doe's gender identity (female), does not permit Doe access to residential opportunities provided by the University on an equal and non-discriminatory basis as compared with similarly-situated cisgender female students, and/or is not how a similarly-situated student who is cisgender and requested to live with other cisgender females would be housed or would be treated.

d. Defendants transferred Doe back to the male dorm and residence hall on-campus in which Doe previously lived, when Doe was previously harassed by male students, and before Doe was transferred and harassed by male students and fraternity members. This occurred on account of the Defendant University's own conduct. It never occurred to Defendants to accommodate the Plaintiff's requests, Those requests are not unreasonable as a matter of law. Defendants did not

permit Doe to access to on-campus residential services on an equal and non-discriminatory basis.

e. Defendants did not permit Doe to compete and participate in educational programs and activities, and in University-sponsored events and contests, on and equal and non-discriminatory basis as a female, which is consistent with Doe's gender identity.

f. Defendants' employees, including administrators and professors, misgendered Doe, and discriminated against Doe based on gender dysphoria, by failing to accommodate Doe's repeated requests to use preferred name and pronouns.

g. Defendants also failed to correct students who misgendered Doe, and discriminated against Doe based on gender dysphoria, because the Defendants do not believe there is any requirement to accommodate Doe's disability, which Doe contends that there is.

h. Defendants had notice and actual knowledge of Doe's disability.

**WHEREFORE**, Plaintiff, Jane Doe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all actual and/or compensatory damages for suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a clear and unequivocal policy stating that students will be treated consistent with their gender identity and gender expression, including that students will be permitted to use gender-appropriate facilities, will be permitted to access educational programs, activities, and services, on an equal and non-

discriminatory basis, and in a manner that is consistent with their gender identity; stating that students will be referred to by preferred name and pronouns; and to provide LGBT sensitivity training for all employees and students.

**COUNT V:**
**DISPARATE TREATMENT/DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973, AS AMENDED**
**(Plaintiff, Jane Doe v. Defendants, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, and Faison)**

58. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

59. Plaintiff suffered disparate treatment and discrimination directly from Defendants and experienced different terms, conditions, and privileges, regarding the provision of services and facilities, based on Plaintiff's actual and/or perceived disability.

60. Defendants subjected Plaintiff to different terms, conditions, and privileges regarding the provision of services and facilities, and access to educational programs, activities, and/or other opportunities, based on actual and/or perceived disability.

61. The Defendants themselves discriminated against Plaintiff by subjecting Plaintiff to disparate treatment and discrimination based on Plaintiff's actual and/or perceived disability. Defendants are liable for their own disparate treatment and discrimination against Plaintiff.

**WHEREFORE**, Plaintiff, Jane Doe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all actual and/or compensatory damages for suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and

equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a clear and unequivocal policy stating that students will be treated consistent with their gender identity and gender expression, including that students will be permitted to use gender-appropriate facilities, will be permitted to access educational programs, activities, and services, on an equal and non-discriminatory basis, and in a manner that is consistent with their gender identity; stating that students will be referred to by preferred name and pronouns; and to provide LGBT sensitivity training for all employees and students.

**COUNT VI:**
**DIRECT RETALIATION IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973, AS AMENDED**
**(Plaintiff, Jane Doe v. Defendants, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, and Faison)**

62. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

63. Plaintiff suffered direct retaliation on account of Plaintiff's repeated requests for reasonable accommodations due to disability including but not limited to being referred to by preferred name, pronouns, to use gender-appropriate facilities, dorm rooms, restrooms, showers, to access educational programs and opportunities on an equal and non-discriminatory basis, and to be treated with respect and consistent with Plaintiff's gender identity and expression.

64. Plaintiff suffered retaliation for Plaintiff's rebuffs of misgendering and harassment regarding the same.

65. Plaintiff alleges, in the alternative, if necessary, a perception theory of retaliation, in that Defendants perceived Plaintiff to be engaging in protected conduct/activity in the form of complaints of discrimination and harassment, and requests for reasonable

accommodations related to Plaintiff's disability, which the Defendants failed and refused to accommodate, and for which Defendants retaliated against the Plaintiff.

66. Plaintiff does not need to be covered for purposes of the underlying disability in order to be protected from retaliation, but Plaintiff nonetheless alleges that Plaintiff does have a covered disability as a matter of law.

67. Plaintiff suffered direct retaliation for Plaintiff's formal complaints of discrimination and harassment lodged with Lincoln University of Pennsylvania about Plaintiff's mistreatment.

68. Plaintiff seeks to recover for the retaliation, and/or direct retaliation, perpetrated by staff and employees – retaliation committed by Defendants themselves toward Plaintiff – in addition to peer-on-peer retaliatory harassment/hostile environment, and the direct harassment or hostile environment based on retaliation from employees of Lincoln University of Pennsylvania, including but not limited to Defendants Allen, Dubenion, Lee, Raymond, Garlic, Faison, and/or other agents, servants, and/or employees of Defendant, Lincoln University of Pennsylvania.

**WHEREFORE**, Plaintiff, Jane Doe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all actual and/or compensatory damages for suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a clear and unequivocal policy stating that students will not be retaliated against for reasonable accommodations related to their disabilities, that students will be treated consistent with their

gender identity and gender expression, that students will be permitted to use gender-appropriate facilities, will be permitted to access educational programs, activities, and services, on an equal and non-discriminatory basis, in a manner that is consistent with their gender identity; stating that students will be referred to by preferred name and pronouns; and to provide LGBT sensitivity training for all employees and students.

**COUNT VII:**
**RETALIATORY HARASSMENT IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973, AS AMENDED**
**(Plaintiff, Jane Doe v. Defendants, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, and Faison)**

69. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

70. Plaintiff suffered retaliatory harassment, and/or a retaliatory hostile educational environment, from staff and/or employees of Defendant, on account of Doe's rebuffs of misgendering and harassment; formal complaints of discrimination and harassment lodged with Defendant, Lincoln University of Pennsylvania, about Plaintiff's mistreatment; as well as repeated requests for reasonable accommodations due to disability, including being referred to by Plaintiff's preferred name and pronouns, using or accessing facilities, housing and residential opportunities, and educational programs and activities, consistent with Plaintiff's gender identity (female), and on an equal and non-discriminatory basis.

71. Plaintiff experienced direct retaliatory harassment and/or a hostile educational environment based on retaliation from employees of Defendant, Lincoln University of Pennsylvania, including but not limited to Defendants Allen, Dubenion, Lee, Raymond, Garlic, Faison, and/or other administrators, professors, cafeteria employees, maintenance

employees, and/or other agents, servants, and/or employees of Defendant, Lincoln University of Pennsylvania.

72. Defendants turned a blind eye to peer-on-peer retaliatory harassment, and a hostile educational environment on account of retaliation, for Doe's protected conduct/activity, rebuffs of misgendering, harassment, and discrimination, and requests for reasonable accommodations related to Doe's disability.

**WHEREFORE**, Plaintiff, Jane Doe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all actual and/or compensatory damages for suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a clear and unequivocal policy stating that students will not be retaliated against for reasonable accommodations related to their disabilities, that students will be treated consistent with their gender identity and gender expression, that students will be permitted to use gender-appropriate facilities, will be permitted to access educational programs, activities, and services, on an equal and non-discriminatory basis, in a manner that is consistent with their gender identity; stating that students will be referred to by preferred name and pronouns; and to provide LGBT sensitivity training for all employees and students.

**COUNT VIII:**
**PEER HARASSMENT BASED ON DISABILITY IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT ("ADA"), AS AMENDED**
**(Plaintiff, Jane Doe v. Defendants, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, and Faison)**

73. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

74. Title II of the Americans with Disabilities Act ("ADA"), as amended, extends to state and local government entities, public colleges and universities, and state-related institutions, including the Defendant, Lincoln University of Pennsylvania. Defendant, Lincoln University of Pennsylvania, constitutes an ADA-covered entity, as well as a public accommodation, and/or a Commonwealth facility and/or service, for purposes of the ADA.

75. Plaintiff suffered peer harassment based on actual and/or perceived disability.

76. Doe complained about harassment and discrimination repeatedly and requested to be treated consistent with her gender identity (female) to no avail.

77. The University including Allen, Dubenion, Lee, Raymond, Garlic, and Faison turned a blind eye, and each of them was deliberately indifferent, thereby exposing Doe to further harassment, discrimination, transphobia, and abuse.

**WHEREFORE**, Plaintiff, Jane Doe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all actual and/or compensatory damages for suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a clear and unequivocal policy stating that students will be treated consistent with their gender identity and gender expression, that students will be permitted to use gender-appropriate facilities, will be permitted to access educational programs, activities, and services, on an equal and non-

discriminatory basis, in a manner that is consistent with their gender identity; stating that students will be referred to by preferred name and pronouns; and to provide LGBT sensitivity training for all employees and students.

**COUNT IX:**
**DISPARATE TREATMENT/DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED**
**(Plaintiff, Jane Doe v. Defendants, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, and Faison)**

78. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

79. Plaintiff suffered disparate treatment and discrimination directly from Defendants and experienced different terms, conditions, and privileges, regarding the provision of services and facilities, based on Plaintiff's actual and/or perceived disability.

80. Defendants subjected Plaintiff to different terms, conditions, and privileges regarding the provision of services and facilities, and access to educational programs, activities, and/or other opportunities, based on actual and/or perceived disability.

81. The Defendants themselves discriminated against Plaintiff by subjecting Plaintiff to disparate treatment and discrimination based on Plaintiff's actual and/or perceived disability. Defendants are liable for their own disparate treatment and discrimination against Plaintiff.

**WHEREFORE**, Plaintiff, Jane Doe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all actual and/or compensatory damages for suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and

equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a clear and unequivocal policy stating that students will be treated consistent with their gender identity and gender expression, that students will be permitted to use gender-appropriate facilities, will be permitted to access educational programs, activities, and services, on an equal and non-discriminatory basis, in a manner that is consistent with their gender identity; stating that students will be referred to by preferred name and pronouns; and to provide LGBT sensitivity training for all employees and students.

**COUNT X:**
**FAILURE-TO-ACCOMMODATE DISABILITY IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED**
**(Plaintiff, Jane Doe v. Defendants, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, and Faison)**

82. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

83. Defendant is a public college and/or university which is required under the ADA to provide equal access to its housing and residential facilities and services, and post-secondary educational programs and activities, to students with disabilities like the Plaintiff. Defendant failed to accommodate Doe's disability, to wit:

a. Doe requested to live peaceably with other students who are female, and despite Doe's repeated requests, Defendants denied Doe the ability to access housing and residential facilities, services, and opportunities, on an equal and non-discriminatory basis. Defendants did not provide Doe gender-appropriate housing and/or residential facilities/services which were consistent with Doe's gender identity (female).

b. Defendants did not provide Doe on-campus housing which was gender-appropriate, including a dorm room, restroom, shower, and residence hall on campus, which was consistent with Doe's gender identity (female).

c. Defendants transferred Doe to a single located within a male fraternity section in apartment-style living on-campus, which is also not gender-appropriate housing/residential placement, is not consistent with Doe's gender identity (female), does not permit Doe access to residential opportunities provided by the University on an equal and non-discriminatory basis as compared with similarly-situated cisgender female students, and/or is not how a similarly-situated student who is cisgender and requested to live with other cisgender females would be housed or would be treated.

d. Defendants transferred Doe from the male fraternity section on-campus back to the male dorm and residence hall on-campus in which Doe previously lived, where Doe was previously harassed by male students. This occurred on account of the Defendant University's own conduct. It never occurred to Defendants to accommodate the Plaintiff's requests. Those requests are not unreasonable as a matter of law. Defendants did not permit Doe access to on-campus residential services on an equal and non-discriminatory basis.

e. Defendants did not permit Doe to compete and participate in educational programs and activities, and in University-sponsored events and contests, on and equal and non-discriminatory basis as a female, which is consistent with Doe's gender identity.

f. Defendants' employees, including administrators and professors, misgendered Doe, and discriminated against Doe based on gender dysphoria, by failing to accommodate Doe's repeated requests to use preferred name and pronouns.

g. Defendants also failed to correct students who misgendered Doe, and discriminated against Doe based on gender dysphoria, because the Defendants do not believe there is any requirement to accommodate Doe's disability, which Doe contends that there is.

h. Defendants had notice and actual knowledge of Doe's disability.

**COUNT XI:**
**DIRECT RETALIATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED**
**(Plaintiff, Jane Doe v. Defendants, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, and Faison)**

84. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

85. Plaintiff suffered direct retaliation on account of Plaintiff's repeated requests for reasonable accommodations due to disability including but not limited to being referred to by preferred name, pronouns, to use gender-appropriate facilities, dorm rooms, restrooms, showers, to access educational programs and opportunities on an equal and non-discriminatory basis, and to be treated with respect and consistent with Plaintiff's gender identity and expression.

86. Plaintiff suffered retaliation for Plaintiff's rebuffs of misgendering and harassment regarding the same.

87. Plaintiff suffered direct retaliation for Plaintiff's formal complaints of discrimination and harassment lodged with Lincoln University of Pennsylvania about Plaintiff's mistreatment.

**WHEREFORE**, Plaintiff, Jane Doe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all actual and/or compensatory damages for suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a clear and unequivocal policy stating that students will not be retaliated against for reasonable accommodations related to their disabilities, that students will be treated consistent with their gender identity and gender expression, that students will be permitted to use gender-appropriate facilities, will be permitted to access educational programs, activities, and services, on an equal and non-discriminatory basis, in a manner that is consistent with their gender identity; stating that students will be referred to by preferred name and pronouns; and to provide LGBT sensitivity training for all employees and students.

**COUNT XII:**
**RETALIATORY HOSTILE ENVIRONMENT/HARASSMENT IN RETALIATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED**
**(Plaintiff, Jane Doe v. Defendants, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, and Faison)**

88. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

89. Plaintiff suffered retaliatory harassment, and/or a retaliatory hostile educational environment, from staff and/or employees of Defendant, on account of Doe's rebuffs of

misgendering and harassment; formal complaints of discrimination and harassment lodged with Defendant, Lincoln University of Pennsylvania, about Plaintiff's mistreatment; as well as repeated requests for reasonable accommodations due to disability, including being referred to by Plaintiff's preferred name and pronouns, using or accessing facilities, housing and residential opportunities, and educational programs and activities, consistent with Plaintiff's gender identity (female), and on an equal and non-discriminatory basis.

90. Plaintiff experienced direct retaliatory harassment and/or a hostile educational environment based on retaliation from employees of Defendant, Lincoln University of Pennsylvania, including but not limited to Defendants Allen, Dubenion, Lee, Raymond, Garlic, Faison, and/or other administrators, professors, cafeteria employees, maintenance employees, and/or other agents, servants, and/or employees of Defendant, Lincoln University of Pennsylvania.

91. Defendants turned a blind eye to peer-on-peer retaliatory harassment, and a hostile educational environment on account of retaliation, for Doe's protected conduct/activity, rebuffs of misgendering, harassment, and discrimination, and requests for reasonable accommodations related to Doe's disability.

**WHEREFORE**, Plaintiff, Jane Doe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all actual and/or compensatory damages for suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a clear and

unequivocal policy stating that students will not be retaliated against for reasonable accommodations related to their disabilities, that students will be treated consistent with their gender identity and gender expression, that students will be permitted to use gender-appropriate facilities, will be permitted to access educational programs, activities, and services, on an equal and non-discriminatory basis, in a manner that is consistent with their gender identity; stating that students will be referred to by preferred name and pronouns; and to provide LGBT sensitivity training for all employees and students.

**COUNT XIII:**
**42 U.S.C. § 1983 – DISPARATE TREATMENT/DISCRIMINATION IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION – BASED ON TRANSGENDER STATUS, SEX/GENDER, AND/OR DISABILITY**
**(Plaintiff, Jane Doe v. Defendants, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, and Faison)**

92. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

93. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits state actors from discriminating against individuals based on characteristics that include the individual’s gender identity, gender expression, sex/gender, and/or actual and/or perceived disability, to wit:

a. Plaintiff contends that transgender status is a suspect and/or quasi-suspect class, and discrimination on the basis of gender identity and/or gender expression is subject to strict scrutiny, as the Defendants’ actions intentionally single out an insulated minority group – people who are transgender and/or gender non-conforming – which has historically suffered discriminatory treatment, involves an immutable trait in that gender identity and/or gender expression is central to an

individual's core identity and self-concept, and involves a minority group that has been relegated to a position of political powerlessness on the basis of invidious stereotypes regarding their status, based on a characteristic that bears no relationship whatsoever to an individual's ability to meaningfully contribute to society.

b. Discrimination on the basis of gender identity and/or gender expression is otherwise subject to a heightened and/or intermediate level of constitutional scrutiny for the same reasons contained above.

c. Discrimination on the basis of sex and/or gender demands a heightened and/or intermediate level of constitutional scrutiny, and there is not an exceedingly persuasive justification for the Defendants' discrimination against the Plaintiff.

d. Doe's protected status and Defendants' discriminatory conduct receive heightened or intermediate scrutiny, rational basis-plus, and/or rational basis with bite, because the Defendants' conduct singles out people who are transgender and/or gender non-conforming for discrimination and disparate treatment for no reason other than the moral disapproval of being transgender, which cannot form the basis of a legitimate state interest and/or a sufficient government justification as a matter of law.

e. Defendants' conduct does not survive heightened or intermediate scrutiny constituting unconstitutional sex discrimination, because the status of being cisgender constitutes a gender norm, and being transgender and/or gender non-conforming constitutes an exception to that gender norm, therefore discrimination because an individual is transgender constitutes discrimination on account of

gender stereotyping and/or non-conformity as a matter of law. See, e.g., Bostock v. Clayton County, Ga., Nos. 17-1618, --- S. Ct. ---, 2020 WL 3146686 (U.S. June 15, 2020); Price Waterhouse v. Hopkins, 490 U.S. 228 (1989); U.S. Equal Employment Opportunity Comm'n v. Scott Med. Health Ctr., P.C., 217 F. Supp. 3d 834 (W.D. Pa. 2016); Hively v. Ivy Tech Cmty. Coll. of Ind., 853 F.3d 339 (7th Cir. 2017) (*en banc*).

f. LGBTQ+ discrimination constitutes gender stereotyping and/or sex discrimination as a matter of law because discrimination on account of sexual orientation is a form of discrimination that is inherently "because of . . . sex." Bostock, 2020 WL 3146686, at *3 ("Sex plays a necessary and undisguisable role in the decision.").

g. Even before Bostock, supra., gender stereotyping claims have long been actionable including specifically in this Circuit, and specifically in this District.

h. Defendants' discrimination was also on the basis of actual and/or perceived disability in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, for which there was no rational basis, such that Defendants' conduct does not survive rational basis review.

94. The Defendants, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, and Faison, had personal involvement in that they personally discriminated against, harassed, and subjected Doe to disparate treatment, and gender stereotyping, on account of Doe's gender identity, gender expression, and/or gender dysphoria ("GD").

95. Doe seeks monetary damages including compensatory damages for severe regression, severe emotional distress, pain and suffering, mental anguish, humiliation, and

embarrassment, from the Individual Defendants, for their own personal involvement in the discrimination, harassment, and disparate treatment, on account of Doe's gender identity, gender expression, and/or gender dysphoria ("GD").

96. Doe sues the Individual Defendants in their official capacities for equitable or injunctive relief to require the Individual Defendants to adopt, post, and disseminate a clear and unequivocal policy stating that students will be treated consistent with their gender identity, stating that students will be permitted to access gender-appropriate facilities and/or services including but not limited to housing and residential facilities and services, and any and all educational programs and activities, and stating that students will be referred to by preferred name and pronouns; equitable/injunctive relief requiring the Individual Defendants to place Doe in, and/or provide Doe, gender-appropriate housing; to themselves undergo LGBT sensitivity training; and to be required to provide LGBT sensitivity training to all students and employees.

97. Defendants had a policy, practice, or custom of discriminating against Doe and all other students and residents similarly-situated in that Defendants treated members of the transgender and/or gender nonconforming community inconsistent with their gender identity and/or expression.

98. Defendant, Lincoln University of Pennsylvania, and the Individual Defendants, subjected Doe to institutional discrimination, disparate treatment, gender stereotyping, and transphobia, which completely deprived Doe of access to education, and destroyed Doe's psychological well-being.

99. Upon information and belief, Defendants Allen, Dubenion, Lee, Raymond, Garlic, and/or Faison, had final decision-making authority for Defendant, Lincoln University of

Pennsylvania, regarding the instant matters, including but not limited to assigning and/or permitting students to access gender-appropriate facilities and services; treating individuals consistent with their gender identity and/or gender expression; with respect to adopting policies and procedures regarding the same; with respect to providing adequate training regarding the same including training staff on discrimination, harassment, and retaliation. The claims of final decisionmaking authority and of failure-to-training are in addition to – meaning separate from – the claims that there is an actionable policy, practice, and/or custom.

100. Plaintiff alleges that the Defendants' misconduct is actionable including as follows:

a. Defendants' misconduct constitutes a form of intentional discrimination against Doe on account of transgender status which does not occur to similarly-situated cisgender female students.

b. The Defendants' misconduct was intentional and repeated for the purpose of being malicious.

c. The Defendants' actions were intended to be harassing, insulting, and humiliating.

d. The Defendants' actions were intended to be hateful, intimidating, and abusive.

e. The Defendants' actions are inherently unreasonable.

f. The Defendants were deliberately and recklessly indifferent to Doe's federally-protected rights.

101. The Individual Defendants caused the Plaintiff torment, but they are in positions such that they know that their conduct is a form of bullying, and they know that such bullying of a transgender person, including at Doe's age, can foreseeably lead to suicide ideation

and/or completed suicide, but Defendants were deliberately indifferent to these known facts.

102. Defendants had a policy, practice, or custom of discriminating against transgender, non-binary, and gender non-conforming people by not treating them consistent with their gender identity or expression – and doing so intentionally – because the Defendants consider the person to be part of a group considered to have a disfavored status, part of a disfavored or stigmatized group, and/or considering them not to have rights that need to even be respected, to which Plaintiff objects.

103. Defendants had a policy, practice, or custom of discriminating against transgender, non-binary, and gender non-conforming people by not granting them reasonable accommodations for their disabilities, including when they have otherwise covered disabilities, because the person is part of a group considered to have a disfavored status, part of a disfavored or stigmatized group, and/or considering them not to have rights that need to even be respected, to which Plaintiff objects.

104. The Individual Defendants were aware of the Plaintiff's requests to be treated consistent with her gender identity or expression, and the concerns with respect thereto. However, these Defendants did not address the concerns and/or step in to address the concerns, and were deliberately indifferent.

**WHEREFORE**, Plaintiff, Jane Doe, requests judgment be entered in Plaintiff's favor, and against the Defendant, Lincoln University of Pennsylvania, and/or against the Individual Defendants, in their individual capacities, for an amount that will fully and fairly compensate Plaintiff for any and all compensatory damages for self-harm, suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation,

and embarrassment; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief against the Defendant, Lincoln University of Pennsylvania, and/or against the Individual Defendants, in their official capacities, requiring that the Defendants immediately provide Doe access to gender-appropriate housing; to immediately permit Doe to access and to participate in educational programs and activities on an equal and non-discriminatory basis; to require the Defendants to adopt, post, and disseminate a policy stating that gender dysphoria ("GD") is a covered disability for which reasonable accommodations will be provided, that students will be treated consistent with their gender identity, including with respect to gender-appropriate facilities, housing and residential opportunities, and educational programs and activities, and stating that students will be referred to by preferred name and pronouns; equitable/injunctive relief requiring that the Individual Defendants undergo LGBT sensitivity training; and equitable/injunctive relief to require the Individual Defendants to provide and/or require LGBT sensitivity for all employees and students.

**COUNT XIV:**
**42 U.S.C. § 1983 – PEER-ON-PEER HARASSMENT IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION – BASED ON TRANSGENDER STATUS, SEX/GENDER, AND/OR DISABILITY**
**(Plaintiff, Jane Doe v. Defendants, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, and Faison)**

105. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

106. The Defendants were deliberately indifferent to peer harassment based on transgender status, sex, and disability.

107. Defendants exhibited a custom of inaction in the face of harassment and discrimination on account of transgender status, sex, and disability of which the Defendants had actual knowledge.

108. Defendants had a policy, practice, or custom of discriminating against transgender, non-binary, and gender non-conforming people by not treating them consistent with their gender identity or expression, and doing so intentionally.

109. Defendants turned a blind eye and were deliberately indifferent to peer harassment.

110. Defendants Allen, Dubenion, Lee, Raymond, Garlic, and Faison are alleged to have final decision-making authority with respect thereto.

111. Defenants Allen, Dubenion, Lee, Raymond, Garlic, and Faison, were personally involved and personally participated in the discrimination, harassment, disparate treatment, and failure to prevent, correct, and/or remedy the same when perpetrated by students.

**WHEREFORE**, Plaintiff, Jane Doe, requests judgment be entered in Plaintiff's favor, and against the Defendant, Lincoln University of Pennsylvania, and/or against the Individual Defendants, in their individual capacities, for an amount that will fully and fairly compensate Plaintiff for any and all compensatory damages for self-harm, suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief against the Defendant, Lincoln University of Pennsylvania, and/or against the Individual Defendants, in their official capacities, requiring that the Defendants immediately provide Doe access to gender-appropriate housing; to immediately permit Doe to access and to participate in educational programs and activities on an equal and non-discriminatory basis; to require the Defendants to adopt, post, and disseminate a policy

stating that gender dysphoria ("GD") is a covered disability for which reasonable accommodations will be provided, that students will be treated consistent with their gender identity, including with respect to gender-appropriate facilities, housing and residential opportunities, and educational programs and activities, and stating that students will be referred to by preferred name and pronouns; equitable/injunctive relief requiring that the Individual Defendants undergo LGBT sensitivity training; and equitable/injunctive relief to require the Individual Defendants to provide and/or require LGBT sensitivity for all employees and students.

**COUNT XV:**
**DISPARATE TREATMENT/DISCRIMINATION BASED ON GENDER IDENTITY, GENDER EXPRESSION, AND/OR GENDER STEREOTYPING, IN VIOLATION OF THE FAIR HOUSING ACT, TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968, AS AMENDED, 42 U.S.C. § 3604(a)-(b) or Sec. 804(a)-(b)**
**(Plaintiff, Jane Doe v. Defendant, Lincoln University of Pennsylvania)**

112. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

113. Pursuant to 42 U.S.C. § 3604(a)-(b) of the Fair Housing Act, as amended, prohibits the Defendant, Lincoln University of Pennsylvania, from "otherwise mak[ing] unavailable" or "denying" a "dwelling" to any person "because of . . . sex," and prohibits Defendant from discriminating in the "provision of services or facilities in connection therewith, because of . . . sex." 42 U.S.C. § 3604(a)-(b).

114. Defendant intentionally discriminated against and/or subjected Plaintiff to disparate treatment based on gender identity, gender expression, and/or on account of gender stereotyping, in violation of § 3604 of the FHA, as amended, and/or the Fair Housing Amendments Act.

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendant, and requests any and all compensatory damages for emotional distress, anxiety, mental anguish, pain and suffering, humiliation, inconvenience, loss of enjoyment of life, and loss of life's pleasures; costs of relocating; out-of-pocket expenses; other actual losses; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, expert witness fees, costs of suit; and injunctive/equitable relief requiring reinstatement of Plaintiff to a vacant housing unit with Defendant in a facility that is consistent with Plaintiff's gender identity; for Defendant to cease assigning students to facilities that are inconsistent with their gender identity; for Defendant to adopt, post, and disseminate a policy stating that students will be housed in accordance with their gender identity, permitted to use restrooms which are consistent with their gender identity, will be referred to using a name and pronouns consistent with their gender identity, and otherwise treated consistent with their gender identity; implementation of adequate and appropriate anti-harassment grievance procedures; anti-harassment training; requiring LGBT sensitivity training in fair housing practices for employees and students specifically; and for Defendant to conspicuously post notice of the verdict in this matter.

**COUNT XVI:**
**HARASSMENT/HOSTILE ENVIRONMENT BASED ON GENDER IDENTITY, GENDER EXPRESSION, AND/OR GENDER STEREOTYPING, IN VIOLATION OF THE FAIR HOUSING ACT, TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968, AS AMENDED, 42 U.S.C. § 3604(b) [Sec. 804(b)]**
**(Plaintiff, Jane Doe v. Defendant, Lincoln University of Pennsylvania)**

115. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

116. Plaintiff suffered a hostile environment, or harassment, which amounted to discrimination "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith." 42 U.S.C. § 3604(b).

117. Defendants are vicariously liable for the discriminatory housing practices committed by their own employees, including the Individual Defendants and/or other administrators, who were, at all times relevant hereto, Defendant, Lincoln University of Pennsylvania's, agents, servants, and employees. 24 C.F.R. 100.7(b).

118. Defendant, Lincoln University of Pennsylvania, is also, in the alternative, liable for "[f]ailing to take prompt action to correct and end a discriminatory housing practice by a third-party, where the person knew or should have known of the discriminatory conduct and had the power to correct it." 24 C.F.R. 100.7.

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendant, and requests any and all compensatory damages for emotional distress, anxiety, mental anguish, pain and suffering, humiliation, inconvenience, loss of enjoyment of life, and loss of life's pleasures; costs of relocating; out-of-pocket expenses; other actual losses; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, expert witness fees, costs of suit; and injunctive/equitable relief requiring reinstatement of Plaintiff to a vacant housing unit with Defendant in a facility that is consistent with Plaintiff's gender identity; for Defendant to cease assigning students to facilities that are inconsistent with their gender identity; for Defendant to adopt, post, and disseminate a policy stating that students will be housed in accordance with their gender identity, permitted to use restrooms which are consistent with their gender identity, will be referred to using a name and pronouns consistent with their gender identity, and otherwise treated consistent with their gender identity; implementation of adequate and appropriate anti-harassment grievance procedures; anti-harassment training; requiring LGBT sensitivity training in fair housing practices for employees and students specifically; and for Defendant to conspicuously post notice of the verdict in this matter.

**COUNT XVII:**
**DISPARATE TREATMENT/DISCRIMINATION IN TERMS, CONDITIONS, AND PRIVILEGES REGARDING PROVISIONS OF SERVICES AND FACILITIES, BASED ON GENDER IDENTITY, GENDER EXPRESSION, AND/OR GENDER STEREOTYPING, IN VIOLATION OF THE FAIR HOUSING ACT, TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968, AS AMENDED, 42 U.S.C. § 3604(b) [Sec. 804(b)]**
**(Plaintiff, Jane Doe v. Defendants, Lincoln University of Pennsylvania)**

119. All of the foregoing paragraphs are incorporated by reference as if the same were more fully set forth herein at length.

120. Defendant, Lincoln University of Pennsylvania, subjected Plaintiff to the following intentionally discriminatory terms, conditions, and privileges of housing based on gender identity, gender expression, and/or on account of gender stereotyping, which are each separately and independently actionable, under § 3604:

a. Housing Plaintiff in a male dorm and thereby requiring Plaintiff to use a male restroom and shower, rather than treating Doe consistent with Doe's gender identity (female);

b. Transferring Plaintiff to a male fraternity section in apartment-style living on-campus, rather than treating Doe consistent with Doe's gender identity (female);

c. Transferring Plaintiff to a male dorm again, where Plaintiff lived previously, on-campus, rather than treating Doe consistent with Doe's gender identity (female);

d. Assigning and classifying Plaintiff in a manner that is inconsistent with Plaintiff's gender identity with respect to Defendant, Lincoln University of Pennsylvania's, facilities and services;

e. Plaintiff was also regularly misgendered with incorrect name and pronouns with impunity despite giving Defendant notice and actual knowledge.

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendant, and requests any and all compensatory damages for emotional distress, anxiety, mental

anguish, pain and suffering, humiliation, inconvenience, loss of enjoyment of life, and loss of life's pleasures; costs of relocating; out-of-pocket expenses; other actual losses; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, expert witness fees, costs of suit; and injunctive/equitable relief requiring reinstatement of Plaintiff to a vacant housing unit with Defendant in a facility that is consistent with Plaintiff's gender identity; for Defendant to cease assigning students to facilities that are inconsistent with their gender identity; for Defendant to adopt, post, and disseminate a policy stating that students will be housed in accordance with their gender identity, permitted to use restrooms which are consistent with their gender identity, will be referred to using a name and pronouns consistent with their gender identity, and otherwise treated consistent with their gender identity; implementation of adequate and appropriate anti-harassment grievance procedures; anti-harassment training; requiring LGBT sensitivity training in fair housing practices for employees and students specifically; and for Defendant to conspicuously post notice of the verdict in this matter.

**COUNT XVIII:**
**THREATENING, INTIMIDATION, INTERFERENCE, AND/OR COERCION, BASED ON GENDER IDENTITY, GENDER EXPRESSION, AND/OR GENDER STEREOTYPING, IN VIOLATION OF THE FAIR HOUSING ACT, TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968, AS AMENDED, 42 U.S.C. § 3617 [Sec. 818]**
**(Plaintiff, Jane Doe v. Defendant, Lincoln University of Pennsylvania)**

121. All of the foregoing paragraphs are incorporated by reference as if the same were more fully set forth herein at length.

122. Defendant violated Section 818 of the Fair Housing Act, 42 U.S.C. § 3617, by "threatening, intimidating, interfering with," and/or "coercing" Plaintiff regarding her "enjoyment of a dwelling because of the . . . sex . . . of such person." 24 C.F.R. § 100.400(c)(2).

123. Defendant coerced Plaintiff to live against her wishes with males in a male dorm, and to use a male restroom and shower, rather than to permit Doe to access gender-appropriate housing on an equal and non-discriminatory basis, and which was consistent with Doe's gender identity (female).

124. Defendants interfered with Doe's ability to access housing on an equal and non-discriminatory basis.

125. Defendant disadvantaged Doe by having Doe transfer and/or move from on-campus housing which was not gender-appropriate, to a male fraternity section in apartment-style living on-campus which was not gender-appropriate, to a male dorm which was not gender-appropriate, rather than to housing which is consistent with Doe's gender identity (female).

126. After Doe was transferred to the male fraternity section, Doe continued to be subject to intimidation and harassment.

127. The Defendant University itself intentionally caused or created this situation, and then acquiesced in hateful transphobic bias incidents toward Plaintiff which resulted from it, of which Defendant had actual knowledge, but was deliberately indifferent.

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendant, and requests any and all compensatory damages for emotional distress, anxiety, mental anguish, pain and suffering, humiliation, inconvenience, loss of enjoyment of life, and loss of life's pleasures; costs of relocating; out-of-pocket expenses; other actual losses; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, expert witness fees, costs of suit; and injunctive/equitable relief requiring reinstatement of Plaintiff to a vacant housing unit with Defendant in a facility that is consistent with Plaintiff's gender identity; for Defendant to cease

assigning students to facilities that are inconsistent with their gender identity; for Defendant to adopt, post, and disseminate a policy stating that students will be housed in accordance with their gender identity, permitted to use restrooms which are consistent with their gender identity, will be referred to using a name and pronouns consistent with their gender identity, and otherwise treated consistent with their gender identity; implementation of adequate and appropriate anti-harassment grievance procedures; anti-harassment training; requiring LGBT sensitivity training in fair housing practices for employees and students specifically; and for Defendant to conspicuously post notice of the verdict in this matter.

**COUNT XIX:**
**DISPARATE TREATMENT/DISCRIMINATION BASED ON HANDICAP/DISABILITY IN VIOLATION OF THE FAIR HOUSING ACT, TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968, AS AMENDED,**
**42 U.S.C. § 3604(a)-(b) [Sec. 804(a)-(b)]**
**(Plaintiff, Jane Doe v. Defendant, Lincoln University of Pennsylvania)**

128. All of the foregoing paragraphs are incorporated by reference as if the same were more fully set forth herein at length.

129. Plaintiff is considered a "handicapped person," or a person with a disability, under the FHA, as amended.

130. Defendant, Lincoln University of Pennsylvania, subjected Plaintiff to intentionally discriminatory terms, conditions, and privileges, regarding the provision of housing facilities and services, based on actual and/or perceived disability, including by:

a. Housing Plaintiff in a male dorm and thereby requiring Plaintiff to use a male restroom and shower, rather than treating Doe consistent with Doe's gender identity (female);

b. Transferring Plaintiff to a single within a male fraternity section in apartment-style living on-campus, rather than treating Doe consistent with Doe's gender identity (female);

c. Transferring Plaintiff to a male dorm, where Plaintiff previously lived on campus, rather than treating Doe consistent with Doe's gender identity (female);

d. Assigning and classifying Plaintiff in a manner that is inconsistent with Plaintiff's gender identity with respect to Defendant, Lincoln University of Pennsylvania's, facilities and services;

e. Plaintiff was also regularly misgendered with incorrect name and pronouns with impunity despite giving Defendant notice and actual knowledge.

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendant, and requests any and all compensatory damages for emotional distress, anxiety, mental anguish, pain and suffering, humiliation, inconvenience, loss of enjoyment of life, and loss of life's pleasures; costs of relocating; out-of-pocket expenses; other actual losses; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, expert witness fees, costs of suit; and injunctive/equitable relief requiring reinstatement of Plaintiff to a vacant housing unit with Defendant in a facility that is consistent with Plaintiff's gender identity; for Defendant to cease assigning students to facilities that are inconsistent with their gender identity; for Defendant to adopt, post, and disseminate a policy stating that gender dysphoria is a covered disability for which reasonable accommodations will be provided, that students will be housed in accordance with their gender identity, permitted to use facilities which are consistent with their gender identity, will be referred to using a name and pronouns consistent with their gender identity, and otherwise treated consistent with their gender identity; implementation of adequate and appropriate anti-harassment

grievance procedures; anti-harassment training; requiring LGBT sensitivity training in fair housing practices for employees and students specifically; and for Defendant to conspicuously post notice of the verdict in this matter.

**COUNT XX:**
**FAILURE-TO-ACCOMMODATE OR MAKE REASONABLE MODIFICATIONS FOR HANDICAP/DISABILITY IN VIOLATION OF THE FAIR HOUSING ACT, TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968, AS AMENDED, 42 U.S.C. § 3604(f)(3)(B) [Sec. 804(f)(3)(B)]**
**(Plaintiff, Jane Doe v. Defendant, Lincoln University of Pennsylvania)**

131. All of the foregoing paragraphs are incorporated by reference as if the same were more fully set forth herein at length.

132. Defendant failed to provide "reasonable accommodations in rules, policies, practices, or services" to Plaintiff even though such accommodations were "necessary to afford such person equal opportunity to use and enjoy such a dwelling." See 42 U.S.C. § 3604(f)(3)(B); see also 24 C.F.R. § 100.204.

133. Defendant failed to accommodate Plaintiff's known disability by:

a. Failing to provide reasonable modifications to inaccessible facilities;

b. Failing to provide reasonable modifications to existing policies, procedures, and practices;

c. Failing to provide a reasonable accommodation to permit Plaintiff to be housed in a female dorm;

d. Failing to provide a reasonable accommodation to permit Plaintiff to use a female restroom and shower in the dorm;

e. Failing to provide reasonable modifications and/or accommodations to existing policies and/or procedures in order to refer to Plaintiff and ensure that Plaintiff is

referred to as female, with a preferred female name, and with preferred pronouns ("she, her, hers");

f. Housing Plaintiff in a male dorm and thereby requiring Plaintiff to use a male restroom and shower, rather than treating Doe consistent with Doe's gender identity (female);

g. Transferring Plaintiff to a single within a male fraternity section in apartment-style living on-campus, rather than treating Doe consistent with Doe's gender identity (female);

h. Transferring Plaintiff to a male dorm, where Plaintiff previously lived on campus, rather than treating Doe consistent with Doe's gender identity (female);

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendant, and requests any and all compensatory damages for emotional distress, anxiety, mental anguish, pain and suffering, humiliation, inconvenience, loss of enjoyment of life, and loss of life's pleasures; costs of relocating; out-of-pocket expenses; other actual losses; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, expert witness fees, costs of suit; and injunctive/equitable relief requiring reinstatement of Plaintiff to a vacant housing unit with Defendant in a facility that is consistent with Plaintiff's gender identity; for Defendant to cease assigning students to facilities that are inconsistent with their gender identity; for Defendant to adopt, post, and disseminate a policy stating that gender dysphoria is a covered disability for which reasonable accommodations will be provided, that students will be housed in accordance with their gender identity, permitted to use facilities which are consistent with their gender identity, will be referred to using a name and pronouns consistent with their gender identity, and otherwise treated consistent with their gender identity; implementation of adequate and appropriate anti-harassment

grievance procedures; anti-harassment training; requiring LGBT sensitivity training in fair housing practices for employees and students specifically; and for Defendant to conspicuously post notice of the verdict in this matter.

**COUNT XXI:**
**PEER-ON-PEER HARASSMENT BASED ON SEX/GENDER, GENDER IDENTITY AND/OR EXPRESSION, GENDER STEREOTYPING, DISABILITY, AND RETALIATION, IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA"), 43 P.S. §§ 951-963**
**(Plaintiff, Jane Doe v. Defendants, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, and Faison)**

134. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

135. Lincoln University of Pennsylvania, constitutes a public accommodation under the Pennsylvania Human Relations Act ("PHRA") as the PHRA extends to "all educational institutions under the supervision of this Commonwealth," including "primary and secondary schools, high schools, academies, colleges and universities, [and] extension courses . . . ." See Section 4(l) of PHRA.

136. Lincoln University of Pennsylvania, also constitutes a public accommodation under the PHRA as the PHRA extends to "all Commonwealth facilities and services, including such facilities and services of all political subdivisions thereof." See Section 4(l) of PHRA.

137. Plaintiff asserts the instant PHRA claim under Section 5(i) pertaining to public accommodations/education.

138. Lincoln University of Pennsylvania, employed four (4) or more persons within the Commonwealth of Pennsylvania when the unlawful conduct alleged in this Complaint occurred.

139. The Individual Respondents, Brenda Allen, Brian Dubenion, Lenetta Lee, Lyndsay Raymond, Gerald Garlic, and Reverend Frederick Faison, were, at all times relevant hereto, persons who are subject to individual/personal liability under the PHRA, as they personally participated in the discriminatory acts against Complainant as described herein, and acted with a community of purpose with Respondent, Lincoln University of Pennsylvania, in discriminating against Complainant, subjecting Complainant to disparate treatment, failing to prevent and correct harassment, and/or misgendering or harassing Complainant themselves, depriving Complainant of educational, housing, and other opportunities, on an equal and non-discriminatory basis, as compared to similarly situated students who are cisgender, failing to accommodate Complainant's disability, and retaliating against Complainant.

140. Complainant suffered peer harassment, discrimination, misgendering, and abuse based on sex/gender, gender identity, gender expression, and/or gender stereotyping, for which Defendant, Lincoln University of Pennsylvania, is liable.

141. Doe complained about harassment and discrimination repeatedly and requested to be treated consistent with her gender identity (female) to no avail.

142. The University turned a blind eye and was deliberately indifferent exposing Doe to further harassment and abuse.

143. Lincoln University of Pennsylvania, is subject to the housing provisions of the PHRA, contained at Section 5(h) of the PHRA, on account of the housing and residential opportunities which were denied Complainant on account of discrimination and retaliation, as described more fully herein. Plaintiff also asserts the instant PHRA claim under Section 5(h) pertaining to housing discrimination.

**WHEREFORE**, Plaintiff, Jane Doe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all actual and/or compensatory damages for suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a clear and unequivocal policy stating that students will be treated consistent with their gender identity and gender expression, including that students will be permitted to use gender-appropriate facilities, will be permitted to access educational programs, activities, and services, on an equal and non-discriminatory basis, and in a manner that is consistent with their gender identity, and stating that students will be referred to by preferred name and pronouns; to process Doe's complaint as a complaint of sexual harassment under the Title IX policy, the same as a cisgender female student's complaint would be treated, and not differently as purely a student conduct issue or problem with Doe needing to be addressed by the campus pastor; and to provide LGBT sensitivity training for all employees and students.

**COUNT XXII:**
**DISPARATE TREATMENT/DISCRIMINATION BASED ON SEX/GENDER, GENDER IDENTITY AND/OR EXPRESSION, GENDER STEREOTYPING, DISABILITY, AND RETALIATION, IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA"), 43 P.S. §§ 951-963**
**(Plaintiff, Jane Doe v. Defendant, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, and Faison)**

144. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

145. Plaintiff assert the instant claim under Section 5(h) and Section 5(i) of the PHRA.

146. The Defendants themselves, including their own employees, administrators, and/or professors, and not just Doe's peers or fellow students, subjected Doe to stigmatizing mistreatment, including providing different terms, conditions, and privileges regarding the provision of services and facilities to Doe.

147. The Defendants denied Doe equal access to residential and educational programs, activities, and/or other opportunities, at the University, based on sex/gender, gender identity or expression, and/or gender stereotyping, in clear violation of the PHRA.

148. The Defendants themselves discriminated against Doe and subjected Doe to stigmatizing mistreatment, including but not limited to:

a. Directly assigning Doe to housing/residential facilities, and concomitantly, restrooms and showers, which were never gender-appropriate, in that they were inconsistent with Doe's gender identity (female). The same were denied even after Doe complained and specifically requested to be treated consistent with her gender identity.

b. Directly denying Doe the ability to compete for Miss Lincoln University in 2019. Specifically, Defendant, Ms. Lyndsay Raymond, denied Doe the ability to compete for Miss Lincoln University in 2019 on account of discrimination.

c. Acquiescing in the denial of Doe's ability to compete for Lincoln Woman of the Year in January 2019;

d. Acquiescing in the denial of access to the University cheerleading team/squad on a non-discriminatory basis in 2017 and 2019;

e. Acquiescing in the denial of access to the Stroll Like Alpha competition in 2019;

f. Acquiescing in the denial of Doe's ability to participate in the Omega Psi Phi fashion show in 2019;

g. Lincoln University officials failed to permit Doe to take advantage of the school's facilities, services, and educational programs and activities, on an equal and non-discriminatory basis.

h. When Dr. Lenetta Lee met with Doe, she did not address Doe's concerns, and was offensive and transphobic. Dr. Lee stated to Doe in a condescending manner to Doe that Doe "should've sat some things out," or words to that effect.

i. Defendants' own employees participating in misgendering, harassing, discriminating against Doe, subjecting Doe to gender stereotyping, and disparate treatment based on sex. For example, Doe was treated with complete disrespect and lack of dignity by Defendant's professors and administrators who misgendered and/or dead-named Doe.

j. Defendant's cafeteria workers took unauthorized photographs of Doe to humiliate her, and Defendant's maintenance men barged into Doe's room unannounced.

k. Defendants isolated and excluded Doe specifically in a private solo medical suite instead of permitting Doe to access services and facilities, including housing and residential opportunities, on an equal and non-discriminatory basis, on the basis of Plaintiff's gender identity (female), as compared to similarly-situated students who identify as cisgender.

l. Defendants specifically *re*-assigned Doe to a male fraternity section in apartment-style living on-campus, forcing Doe to live in isolation within a male fraternity which is not gender-appropriate. A cisgender female student complaining of

sexual harassment would not have been treated the same under a Title IX-related policy.

m. The Defendant University moved Doe back only at Doe's request but again *re*-assigned Doe to the male dorm in which Doe previously lived on campus, which was still not gender-appropriate, even after Doe specifically complained about living with other cisgender female students. A cisgender female student complaining of sexual harassment would not have been treated the same under a Title IX-related policy.

149. A female student who is cisgender, who complained about sexual harassment, would not have been treated the same as Doe under a Title IX-related policy. Defendants responded to Doe's complaints of harassment, discrimination, transphobia, and/or abuse by students and/or employees in a discriminatory manner by treating the complaints differently than complaints made by female students who are cisgender, about male students who are cisgender including fraternity members. There is no evidence Defendants even considered Doe's complaint to constitute sexual harassment under a Title IX-related policy, or as anything other than a student conduct issue.

150. Instead of the Title IX Coordinator addressing the complaint as a complaint of sexual harassment, Dr. Lee considered it a student conduct issue, and added insult to injury by involving the Chaplain and Director of Religious Studies instead of the Title IX Coordinator. Doe seeks equitable and injunctive relief for Defendant to process Doe's complaint as a complaint of sexual harassment under the Title IX policy, the same as a cisgender female student's complaint would be treated, and not differently as purely a student conduct issue or problem with Doe needing to be addressed by the campus pastor.

**WHEREFORE**, Plaintiff, Jane Doe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all actual and/or compensatory damages for suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a clear and unequivocal policy stating that students will be treated consistent with their gender identity and gender expression, including that students will be permitted to use gender-appropriate facilities, will be permitted to access educational programs, activities, and services, on an equal and non-discriminatory basis, and in a manner that is consistent with their gender identity, and stating that students will be referred to by preferred name and pronouns; to process Doe's complaint as a complaint of sexual harassment under the Title IX policy, the same as a cisgender female student's complaint would be treated, and not differently as purely a student conduct issue or problem with Doe needing to be addressed by the campus pastor; and to provide LGBT sensitivity training for all employees and students.

**COUNT XXIII:**
**FAILURE-TO-ACCOMMODATE DISABILITY IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA"), 43 P.S. §§ 951-963**
**(Plaintiff, Jane Doe v. Defendant, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, and Faison)**

151. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

152. Defendant failed to accommodate Doe's disability, in violation of Section 5(h) and Section 5(i) of the PHRA, to wit:

a. Doe requested to live peaceably with other students who are female, and despite Doe's repeated requests, Defendants denied Doe the ability to access housing and residential facilities, services, and opportunities, on an equal and non-discriminatory basis. Defendants did not provide Doe gender-appropriate housing and/or residential facilities/services which were consistent with Doe's gender identity (female).

b. Defendants did not provide Doe on-campus housing which was gender-appropriate, including a dorm room, restroom, shower, and residence hall on campus, which was consistent with Doe's gender identity (female).

c. Defendants transferred Doe to a single located within a male fraternity section in apartment-style living on-campus, which is also not gender-appropriate housing/residential placement, is not consistent with Doe's gender identity (female), does not permit Doe access to residential opportunities provided by the University on an equal and non-discriminatory basis as compared with similarly-situated cisgender female students, and/or is not how a similarly-situated student who is cisgender and requested to live with other cisgender females would be housed or would be treated.

d. Defendants transferred Doe from the male fraternity section on-campus back to the male dorm and residence hall on-campus in which Doe previously lived, where Doe was previously harassed by male students. This occurred on account of the Defendant University's own conduct. It never occurred to Defendants to accommodate the Plaintiff's requests. Those requests are not unreasonable as a

matter of law. Defendants did not permit Doe access to on-campus residential services on an equal and non-discriminatory basis.

e. Defendants did not permit Doe to compete and participate in educational programs and activities, and in University-sponsored events and contests, on and equal and non-discriminatory basis as a female, which is consistent with Doe's gender identity.

f. Defendants' employees, including administrators and professors, misgendered Doe, and discriminated against Doe based on gender dysphoria, by failing to accommodate Doe's repeated requests to use preferred name and pronouns.

g. Defendants also failed to correct students who misgendered Doe, and discriminated against Doe based on gender dysphoria, because the Defendants do not believe there is any requirement to accommodate Doe's disability, which Doe contends that there is.

h. Defendants had notice and actual knowledge of Doe's disability.

**WHEREFORE**, Plaintiff, Jane Doe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all actual and/or compensatory damages for suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a clear and unequivocal policy stating that students will be treated consistent with their gender identity and gender expression, that students will be permitted to use gender-appropriate facilities, will be permitted to access educational programs, activities, and services, on an equal and non-

discriminatory basis, in a manner that is consistent with their gender identity; stating that students will be referred to by preferred name and pronouns; and to provide LGBT sensitivity training for all employees and students.

**COUNT XXIV:**
**DIRECT RETALIATION IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA"), 43 P.S. §§ 951-963**
**(Plaintiff, Jane Doe v. Defendant, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, and Faison)**

153. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

154. Plaintiff suffered direct retaliation on account of Plaintiff's repeated requests for reasonable accommodations due to disability including but not limited to being referred to by preferred name, pronouns, to use gender-appropriate facilities, dorm rooms, restrooms, showers, to access educational programs and opportunities on an equal and non-discriminatory basis, and to be treated with respect and consistent with Plaintiff's gender identity and expression.

155. Plaintiff suffered retaliation for Plaintiff's rebuffs of misgendering and harassment regarding the same.

156. Plaintiff suffered direct retaliation for Plaintiff's formal complaints of discrimination and harassment lodged with Lincoln University of Pennsylvania about Plaintiff's mistreatment.

**WHEREFORE**, Plaintiff, Jane Doe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all actual and/or compensatory damages for suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and

embarrassment; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a clear and unequivocal policy stating that students will not be retaliated against for reasonable accommodations related to their disabilities, that students will be treated consistent with their gender identity and gender expression, that students will be permitted to use gender-appropriate facilities, will be permitted to access educational programs, activities, and services, on an equal and non-discriminatory basis, in a manner that is consistent with their gender identity; stating that students will be referred to by preferred name and pronouns; and to provide LGBT sensitivity training for all employees and students.

**COUNT XXV:**
**RETALIATORY HOSTILE ENVIRONMENT/HARASSMENT IN RETALIATION IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA"), 43 P.S. §§ 951-963**
**(Plaintiff, Jane Doe v. Defendant, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, and Faison)**

157. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

158. Plaintiff suffered retaliatory harassment, and/or a retaliatory hostile educational environment, from staff and/or employees of Defendant, on account of Doe's rebuffs of misgendering and harassment; formal complaints of discrimination and harassment lodged with Defendant, Lincoln University of Pennsylvania, about Plaintiff's mistreatment; as well as repeated requests for reasonable accommodations due to disability, including being referred to by Plaintiff's preferred name and pronouns, using or accessing facilities, housing and residential opportunities, and educational programs and activities, consistent with Plaintiff's gender identity (female), and on an equal and non-discriminatory basis.

159. Plaintiff experienced direct retaliatory harassment and/or a hostile educational environment based on retaliation from employees of Defendant, Lincoln University of Pennsylvania, including but not limited to Defendants Allen, Dubenion, Lee, Raymond, Garlic, Faison, and/or other administrators, professors, cafeteria employees, maintenance employees, and/or other agents, servants, and/or employees of Defendant, Lincoln University of Pennsylvania.

160. Defendants turned a blind eye to peer-on-peer retaliatory harassment, and a hostile educational environment on account of retaliation, for Doe's protected conduct/activity, rebuffs of misgendering, harassment, and discrimination, and requests for reasonable accommodations related to Doe's disability.

**WHEREFORE**, Plaintiff, Jane Doe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all actual and/or compensatory damages for suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a clear and unequivocal policy stating that students will not be retaliated against for reasonable accommodations related to their disabilities, that students will be treated consistent with their gender identity and gender expression, that students will be permitted to use gender-appropriate facilities, will be permitted to access educational programs, activities, and services, on an equal and non-discriminatory basis, in a manner that is consistent with their gender identity; stating that students will be referred to by preferred name and pronouns; and to provide LGBT sensitivity training for all employees and students.

**COUNT XXVI:**
**PEER-ON-PEER HARASSMENT BASED ON SEX/GENDER, GENDER IDENTITY AND/OR EXPRESSION, GENDER STEREOTYPING, DISABILITY, AND RETALIATION, IN VIOLATION OF THE PENNSYLVANIA FAIR EDUCATIONAL OPPORTUNITIES ACT ("PFEOA"), 24 P.S. §§ 5001-5010**
**(Plaintiff, Jane Doe v. Defendants, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, and Faison)**

161. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

162. Lincoln University of Pennsylvania, is covered under the Pennsylvania Fair Educational Opportunities Act ("PFEOA"), as an institution of higher education.

163. Complainant suffered peer harassment, discrimination, misgendering, and abuse based on sex/gender, gender identity, gender expression, and/or gender stereotyping, for which Defendant, Lincoln University of Pennsylvania, is liable.

164. Doe complained about harassment and discrimination repeatedly and requested to be treated consistent with her gender identity (female) to no avail.

165. The University turned a blind eye and was deliberately indifferent exposing Doe to further harassment and abuse.

**WHEREFORE**, Plaintiff, Jane Doe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all actual and/or compensatory damages for suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a clear and unequivocal policy stating that students will be treated consistent with their gender identity and gender expression, including that students will be permitted to use gender-appropriate facilities,

will be permitted to access educational programs, activities, and services, on an equal and non-discriminatory basis, and in a manner that is consistent with their gender identity, and stating that students will be referred to by preferred name and pronouns; to process Doe's complaint as a complaint of sexual harassment under the Title IX policy, the same as a cisgender female student's complaint would be treated, and not differently as purely a student conduct issue or problem with Doe needing to be addressed by the campus pastor; and to provide LGBT sensitivity training for all employees and students.

**COUNT XXVII:**
**DISPARATE TREATMENT/DISCRIMINATION BASED ON SEX/GENDER, GENDER IDENTITY AND/OR EXPRESSION, GENDER STEREOTYPING, DISABILITY, AND RETALIATION, IN VIOLATION OF THE PENNSYLVANIA FAIR EDUCATIONAL OPPORTUNITIES ACT ("PFEOA"), 24 P.S. §§ 5001-5010**
**(Plaintiff, Jane Doe v. Defendant, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, and Faison)**

166. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

167. The Defendants themselves, including their own employees, administrators, and/or professors, and not just Doe's peers or fellow students, subjected Doe to stigmatizing mistreatment, including providing different terms, conditions, and privileges regarding the provision of services and facilities to Doe.

168. The Defendants denied Doe equal access to residential and educational programs, activities, and/or other opportunities, at the University, based on sex/gender, gender identity or expression, and/or gender stereotyping, in clear violation of the PFEOA.

169. The Defendants themselves discriminated against Doe and subjected Doe to stigmatizing mistreatment.

**WHEREFORE**, Plaintiff, Jane Doe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all actual and/or compensatory damages for suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a clear and unequivocal policy stating that students will be treated consistent with their gender identity and gender expression, including that students will be permitted to use gender-appropriate facilities, will be permitted to access educational programs, activities, and services, on an equal and non-discriminatory basis, and in a manner that is consistent with their gender identity, and stating that students will be referred to by preferred name and pronouns; to process Doe's complaint as a complaint of sexual harassment under the Title IX policy, the same as a cisgender female student's complaint would be treated, and not differently as purely a student conduct issue or problem with Doe needing to be addressed by the campus pastor; and to provide LGBT sensitivity training for all employees and students.

**COUNT XXVIII:**
**FAILURE-TO-ACCOMMODATE DISABILITY IN VIOLATION OF THE PENNSYLVANIA FAIR EDUCATIONAL OPPORTUNITIES ACT ("PFEOA"), 24 P.S. §§ 5001-5010**
**(Plaintiff, Jane Doe v. Defendant, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, and Faison)**

170. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

171. Defendant failed to accommodate Doe's disability, to wit:

a. Doe requested to live peaceably with other students who are female, and despite Doe's repeated requests, Defendants denied Doe the ability to access housing and

residential facilities, services, and opportunities, on an equal and non-discriminatory basis. Defendants did not provide Doe gender-appropriate housing and/or residential facilities/services which were consistent with Doe's gender identity (female).

b. Defendants did not provide Doe on-campus housing which was gender-appropriate, including a dorm room, restroom, shower, and residence hall on campus, which was consistent with Doe's gender identity (female).

c. Defendants transferred Doe to a single located within a male fraternity section in apartment-style living on-campus, which is also not gender-appropriate housing/residential placement, is not consistent with Doe's gender identity (female), does not permit Doe access to residential opportunities provided by the University on an equal and non-discriminatory basis as compared with similarly-situated cisgender female students, and/or is not how a similarly-situated student who is cisgender and requested to live with other cisgender females would be housed or would be treated.

d. Defendants transferred Doe from the male fraternity section on-campus back to the male dorm and residence hall on-campus in which Doe previously lived, where Doe was previously harassed by male students. This occurred on account of the Defendant University's own conduct. It never occurred to Defendants to accommodate the Plaintiff's requests. Those requests are not unreasonable as a matter of law. Defendants did not permit Doe access to on-campus residential services on an equal and non-discriminatory basis.

e. Defendants did not permit Doe to compete and participate in educational programs and activities, and in University-sponsored events and contests, on and equal and non-discriminatory basis as a female, which is consistent with Doe's gender identity.

f. Defendants' employees, including administrators and professors, misgendered Doe, and discriminated against Doe based on gender dysphoria, by failing to accommodate Doe's repeated requests to use preferred name and pronouns.

g. Defendants also failed to correct students who misgendered Doe, and discriminated against Doe based on gender dysphoria, because the Defendants do not believe there is any requirement to accommodate Doe's disability, which Doe contends that there is.

h. Defendants had notice and actual knowledge of Doe's disability.

**WHEREFORE**, Plaintiff, Jane Doe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all actual and/or compensatory damages for suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a clear and unequivocal policy stating that students will be treated consistent with their gender identity and gender expression, that students will be permitted to use gender-appropriate facilities, will be permitted to access educational programs, activities, and services, on an equal and non-discriminatory basis, in a manner that is consistent with their gender identity; stating that

students will be referred to by preferred name and pronouns; and to provide LGBT sensitivity training for all employees and students.

**COUNT XXIX:**
**DIRECT RETALIATION IN VIOLATION OF THE PENNSYLVANIA FAIR EDUCATIONAL OPPORTUNITIES ACT ("PFEOA"), 24 P.S. §§ 5001-5010**
**(Plaintiff, Jane Doe v. Defendant, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, and Faison)**

172. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

173. Plaintiff suffered direct retaliation on account of Plaintiff's repeated requests for reasonable accommodations due to disability including but not limited to being referred to by preferred name, pronouns, to use gender-appropriate facilities, dorm rooms, restrooms, showers, to access educational programs and opportunities on an equal and non-discriminatory basis, and to be treated with respect and consistent with Plaintiff's gender identity and expression.

174. Plaintiff suffered retaliation for Plaintiff's rebuffs of misgendering and harassment regarding the same.

175. Plaintiff suffered direct retaliation for Plaintiff's formal complaints of discrimination and harassment lodged with Lincoln University of Pennsylvania about Plaintiff's mistreatment.

**WHEREFORE**, Plaintiff, Jane Doe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all actual and/or compensatory damages for suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and

equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a clear and unequivocal policy stating that students will not be retaliated against for reasonable accommodations related to their disabilities, that students will be treated consistent with their gender identity and gender expression, that students will be permitted to use gender-appropriate facilities, will be permitted to access educational programs, activities, and services, on an equal and non-discriminatory basis, in a manner that is consistent with their gender identity; stating that students will be referred to by preferred name and pronouns; and to provide LGBT sensitivity training for all employees and students.

**COUNT XXX:**
**RETALIATORY HOSTILE ENVIRONMENT/HARASSMENT IN RETALIATION IN VIOLATION OF THE PENNSYLVANIA FAIR EDUCATIONAL OPPORTUNITIES ACT ("PFEOA"), 24 P.S. §§ 5001-5010**
**(Plaintiff, Jane Doe v. Defendant, Lincoln University of Pennsylvania, Allen, Dubenion, Lee, Raymond, Garlic, and Faison)**

176. Each of the above paragraphs are hereby incorporated by reference as if the same were more fully set forth at length herein.

177. Plaintiff suffered retaliatory harassment, and/or a retaliatory hostile educational environment, from staff and/or employees of Defendant, on account of Doe's rebuffs of misgendering and harassment; formal complaints of discrimination and harassment lodged with Defendant, Lincoln University of Pennsylvania, about Plaintiff's mistreatment; as well as repeated requests for reasonable accommodations due to disability, including being referred to by Plaintiff's preferred name and pronouns, using or accessing facilities, housing and residential opportunities, and educational programs and activities, consistent with Plaintiff's gender identity (female), and on an equal and non-discriminatory basis.

178. Plaintiff experienced direct retaliatory harassment and/or a hostile educational environment based on retaliation from employees of Defendant, Lincoln University of Pennsylvania, including but not limited to Defendants Allen, Dubenion, Lee, Raymond, Garlic, Faison, and/or other administrators, professors, cafeteria employees, maintenance employees, and/or other agents, servants, and/or employees of Defendant, Lincoln University of Pennsylvania.

179. Defendants turned a blind eye to peer-on-peer retaliatory harassment, and a hostile educational environment on account of retaliation, for Doe's protected conduct/activity, rebuffs of misgendering, harassment, and discrimination, and requests for reasonable accommodations related to Doe's disability.

**WHEREFORE**, Plaintiff, Jane Doe, requests judgment be entered in Plaintiff's favor, and against Defendants, for an amount that will fully and fairly compensate Plaintiff for any and all actual and/or compensatory damages for suicide ideation, severe regression, severe emotional distress, pain and suffering, mental anguish, anxiety, depression, humiliation, and embarrassment; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring that Defendants adopt, post, and disseminate a clear and unequivocal policy stating that students will not be retaliated against for reasonable accommodations related to their disabilities, that students will be treated consistent with their gender identity and gender expression, that students will be permitted to use gender-appropriate facilities, will be permitted to access educational programs, activities, and services, on an equal and non-discriminatory basis, in a manner that is consistent with their gender identity; stating that students will be referred to by preferred name and pronouns; and to provide LGBT sensitivity training for all employees and students.

**COUNT XXXI:**
**ASSAULT**
**(Plaintiff, Jane Doe v. Defendant, Omega Psi Phi Fraternity, Inc.)**

180. All of the foregoing paragraphs are incorporated by reference as if the same were more fully set forth herein at length.

181. Members of the Defendant, Omega Psi Phi Fraternity, Inc., subjected Doe to repeated apprehensions of physical violence and aggression, on account of Doe's gender identity, gender expression, and/or on account of gender stereotyping.

182. Members of the Defendant, Omega Psi Phi Fraternity, Inc., subjected Doe on a daily basis to a living nightmare of transphobia and abuse within their fraternity in which Doe was forced to live as a transgender woman against her wishes.

**COUNT XXXII:**
**TORTIOUS INTEFERENCE WITH CONTRACTUAL RELATIONS**
**(Plaintiff, Jane Doe v. Defendant, Omega Psi Phi Fraternity, Inc., and Alpha Phi Alpha Fraternity, Inc.)**

183. All of the foregoing paragraphs are incorporated by reference as if the same were more fully set forth herein at length.

184. Plaintiff lived by agreement in apartment-style living on campus with members of Omega Psi Phi, Fraternity, Inc.

185. Members of Omega Psi Phi, Fraternity, Inc., intended to harm and did harm the Plaintiff effectively denying the Plaintiff the ability to access housing and residential opportunities on an equal and non-discriminatory basis as students who are similarly-situated and who are cisgender.

186. Plaintiff moved back into the dorm and residence hall she lived in before, for her own safety and was deprived of a housing and/or residential opportunity which is to be considered a contract.

**COUNT XXXIII:**
**NEGLIGENCE – NEGLIGENT SUPERVISION**
**(Plaintiff, Jane Doe v. Defendant, Omega Psi Phi Fraternity, Inc., and Alpha Phi Alpha Fraternity, Inc.)**

187. All of the foregoing paragraphs are incorporated by reference as if the same were more fully set forth herein at length.

188. Members of the Defendants, Omega Psi Phi Fraternity, Inc., and Alpha Phi Alpha Fraternity, Inc., were negligent in subjecting Doe to gender stereotyping, denying, and depriving Doe of educational programs, activities, opportunities, and participation in the same, on an equal and non-discriminatory basis, as a transgender female.

189. Members of the Defendant, Omega Psi Phi Fraternity, Inc., subjected Doe on a daily basis to a living nightmare of transphobia and abuse within their fraternity in which Doe was forced to live as a transgender woman against her wishes.

190. Some members of Defendant, Omega Psi Phi, Fraternity, Inc., assumed the role of Resident Advisors ("R.A.s"), within the all-male fraternity housing in which Doe was forced to live as a transgender woman against her wishes. They used the position of R.A. to further abuse, misgender, harass, discriminate against, and subject Doe to gender stereotyping with impunity.

191. The abuse was so severe that Doe often refused to leave the residence, experienced severe emotional distress, and contemplated committing suicide.

192. Defendant failed to supervise the members who harassed or abused Doe.

193. Defendant is an all-male fraternity which does not, upon information and belief, have a policy, and/or an adequate policy, addressing discrimination or harassment based on gender identity, gender expression, gender stereotyping, sex/gender, and/or gender dysphoria.

194. Defendants were willfully blind, refused to act to protect Doe because Doe is transgender, and acted with an evil motive and reckless indifference to the harm caused Doe and Doe's protected rights. Defendants are therefore subject to punitive damages.

195. Defendants acted willfully, wantonly, and recklessly with respect to Doe's health, safety, and protected rights.

**COUNT XXXIV:**
**NEGLIGENCE – GENERAL NEGLIGENCE**
**(Plaintiff, Jane Doe v. Defendant, Omega Psi Phi Fraternity, Inc., and Alpha Phi Alpha Fraternity, Inc.)**

196. All of the foregoing paragraphs are incorporated by reference as if the same were more fully set forth herein at length.

197. Members of the Defendants, Omega Psi Phi Fraternity, Inc., and Alpha Phi Alpha Fraternity, Inc., were negligent in subjecting Doe to gender stereotyping, denying, and depriving Doe of educational programs, activities, opportunities, and participation in the same, on an equal and non-discriminatory basis, as a transgender female.

198. Members of the Defendant, Omega Psi Phi Fraternity, Inc., subjected Doe on a daily basis to a living nightmare of transphobia and abuse within their fraternity in which Doe was forced to live as a transgender woman against her wishes.

199. Some members of Defendant, Omega Psi Phi, Fraternity, Inc., assumed the role of Resident Advisors ("R.A.s"), within the all-male fraternity housing in which Doe was forced to live as a transgender woman against her wishes. They used the position of R.A. to further abuse, misgender, harass, discriminate against, and subject Doe to gender stereotyping with impunity.

200. The abuse was so severe that Doe often refused to leave the residence, experienced severe emotional distress, and contemplated committing suicide.

201. Defendant failed to supervise the members who harassed or abused Doe.

202. Defendant is an all-male fraternity which does not, upon information and belief, have a a policy, and/or an adequate policy, addressing discrimination or harassment based on gender identity, gender expression, gender stereotyping, sex/gender, and/or gender dysphoria.

203. Defendants were willfully blind, refused to act to protect Doe because Doe is transgender, and acted with an evil motive and reckless indifference to the harm caused Doe and Doe's protected rights. Defendants are therefore subject to punitive damages.

204. Defendants acted willfully, wantonly, and recklessly with respect to Doe's health, safety, and protected rights.

**COUNT XXXV:**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(Plaintiff, Jane Doe v. Defendant, Omega Psi Phi Fraternity, Inc., and Alpha Phi Alpha Fraternity, Inc.)**

205. All of the foregoing paragraphs are incorporated by reference as if the same were more fully set forth herein at length.

206. Members of the Defendants, Omega Psi Phi Fraternity, Inc., and Alpha Phi Alpha Fraternity, Inc., were negligent in subjecting Doe to gender stereotyping, denying, and depriving Doe of educational programs, activities, opportunities, and participation in the same, on an equal and non-discriminatory basis, as a transgender female.

207. Members of the Defendant, Omega Psi Phi Fraternity, Inc., subjected Doe on a daily basis to a living nightmare of transphobia and abuse within their fraternity in which Doe was forced to live as a transgender woman against her wishes.

208. Some members of Defendant, Omega Psi Phi, Fraternity, Inc., assumed the role of Resident Advisors ("R.A.s"), within the all-male fraternity housing in which Doe was

forced to live as a transgender woman against her wishes. They used the position of R.A. to further abuse, misgender, harass, discriminate against, and subject Doe to gender stereotyping with impunity.

209. The abuse was so severe that Doe often refused to leave the residence, experienced severe emotional distress, and contemplated committing suicide.

210. Defendant failed to supervise the members who harassed or abused Doe.

211. Defendant is an all-male fraternity which does not, upon information and belief, have a a policy, and/or an adequate policy, addressing discrimination or harassment based on gender identity, gender expression, gender stereotyping, sex/gender, and/or gender dysphoria.

212. Defendants were willfully blind, refused to act to protect Doe because Doe is transgender, and acted with an evil motive and reckless indifference to the harm caused Doe and Doe's protected rights. Defendants are therefore subject to punitive damages.

213. Defendants acted willfully, wantonly, and recklessly with respect to Doe's health, safety, and protected rights.

214. Plaintiff has attached competent medical evidence of her emotional distress as Exhibit "B."

**COUNT XXXVI:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Plaintiff, Jane Doe v. Defendant, Omega Psi Phi Fraternity, Inc., and Alpha Phi Alpha Fraternity, Inc.)**

215. All of the foregoing paragraphs are incorporated by reference as if the same were more fully set forth herein at length.

216. Members of the Defendants, Omega Psi Phi Fraternity, Inc., and Alpha Phi Alpha Fraternity, Inc., subjected Doe to a living nightmare of transphobia and abuse,

harassment, discrimination, gender stereotyping, and/or denying and depriving Doe of educational programs, activities, opportunities, and participation in the same, on an equal and non-discriminatory basis, as a transgender female.

217. Members of the Defendant, Omega Psi Phi Fraternity, Inc., subjected Doe on a daily basis to a living nightmare of transphobia and abuse within their fraternity in which Doe was forced to live as a transgender woman against her wishes.

218. Some members of Defendant, Omega Psi Phi, Fraternity, Inc., assumed the role of Resident Advisors ("R.A.s"), within the all-male fraternity housing in which Doe was forced to live as a transgender woman against her wishes. They used the position of R.A. to further abuse, misgender, harass, discriminate against, and subject Doe to gender stereotyping with impunity.

219. The abuse was so severe that Doe often refused to leave the residence, experienced severe emotional distress, and contemplated committing suicide.

220. Defendant failed to supervise the members who harassed or abused Doe.

221. Defendant is an all-male fraternity which does not, upon information and belief, have a policy, and/or an adequate policy, addressing discrimination or harassment based on gender identity, gender expression, gender stereotyping, sex/gender, and/or gender dysphoria.

222. Defendants were willfully blind, refused to act to protect Doe because Doe is transgender, and acted with an evil motive and reckless indifference to the harm caused Doe and Doe's protected rights. Defendants are therefore subject to punitive damages.

223. Defendants acted willfully, wantonly, and recklessly with respect to Doe's health, safety, and protected rights.

224. Defendants' conduct was willful, wanton, and reckless.

225. Defendants' conduct is beyond all bounds of decency or what is to be expected in a civilized society.

226. Plaintiff has attached competent medical evidence of her emotional distress as Exhibit "B."

**JURY DEMAND**

Plaintiff hereby demands a trial by jury consisting of eight (8) members on all counts so triable.

Respectfully submitted,

**THE LAW OFFICES OF ERIC A. SHORE, P.C.**

DATED: 01/13/21

BY: ______________________________

**JUSTIN F. ROBINETTE, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Tel: (215) 944-6121
Fax: (215) 944-6124
E-mail: JustinR@ericshore.com

*Attorney for Plaintiff, Jane Doe*

# EXHIBIT "A"

pennsylvania
HUMAN RELATIONS COMMISSION

December 11, 2020

[redacted]
New Castle, DE 19720

RE: [redacted] Vs. Lincoln University
Case No. 201900805

Dear [redacted].

It has been one year since you filed your complaint with the Pennsylvania Human Relations Commission. This is to notify you that you now have the right to bring an action in the appropriate Pennsylvania Court of Common Pleas based on the alleged violations of the PHRAct contained in your Commission complaint. This right is provided under Section 12(c) of the Human Relations Act, 43, P.S. § 962(c).

Please be advised that you are not required to file such an action in the State Court of Common Pleas. The Commission is continuing to process your case, and we will make every effort to resolve it as soon as possible. If we are not notified otherwise, we will assume that you want the Commission to continue handling your case.

If you do file a complaint in a Court of Common Pleas, the Commission will dismiss your complaint. This means that you will be unable to have the Commission decide your case even if your complaint is dismissed in State Court because of a procedural error. Procedural errors may include filing the complaint in State Court in the wrong county or filing in State Court after your time to file has expired. For this reason, you should make every effort to assure that any complaint you file in State Court will be properly filed before you file it.

If you believe you might want to take your case to State Court, we suggest that you consult a private attorney about representing you in that action. This should be done before you file the complaint so that your attorney may advise you on the best course of action for you to take.

Should you file a complaint in State Court, you are required by Section 12(c)(2) of the PHRAct to serve the Human Relations Commission with a copy of the Court complaint. This copy must be served on the Commission at the same time you file it in Court. The copy is to be sent to:

Chief Counsel
Pennsylvania Human Relations Commission Executive Offices
333 Market Street, 8th Floor
Harrisburg, PA 17104-2210

If you have any questions concerning this matter, please feel free to contact the investigator who is handling your case.

Very Truly yours,

Jinada Rochelle

Jinada Rochelle
Enforcement Office

# EXHIBIT “B”

Nemours.

NEMOURS DUPONT PEDIATRICS, JESSUP STREET
1602 JESSUP STREET
WILMINGTON DE 19802
Phone: 302-576-5050
Fax: 302-576-5065

December 5, 2019

RE: [redacted] (DOB: [redacted])

To whom it may concern:

[redacted] was a patient of our practice followed by Dr Hal Byck. [redacted] was seen in the office on 6/21/19. At that office visit, she expressed she has been feeling depressed and having suicidal thoughts without a plan. She has been experiencing dysphoria, discrimination from school, and harrassment from other students. [redacted] was suffering from emotional distress and was referred to psychology. If you have any further questions or concerns contact our office at the number listed above.

Thank you,

Hal Byck, MD

**CERTIFICATE OF SERVICE**

I, JUSTIN F. ROBINETTE, ESQUIRE, hereby certify that on this 13th day of JANUARY, 2021, I caused to be filed a true and correct copy of the foregoing document, and accompanying exhibits, with the Court via the Court's electronic filing system, causing notice to be served upon all counsel of record.

Respectfully submitted,

**THE LAW OFFICES OF ERIC A. SHORE, P.C.**

DATED: 01/13/2021

*/s/ Justin F. Robinette, Esquire*________________

JUSTIN F. ROBINETTE, ESQUIRE
Attorney I.D. No. 319829
THE LAW OFFICES OF ERIC A. SHORE, P.C.
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Phone: (215) 944-6121
Fax: (215) 944-6124
JustinR@EricShore.com

*Attorney for Plaintiff*