IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jane Doe, | : | CIVIL ACTION |
| | : | NO. 20-5363 |
| Plaintiff | : | |
| v. | : | |
| | : | |
| Lincoln University of | : | |
| Pennsylvania, et al., | : | |
| | : | |
| Defendants | : | |

**ORDER**

**AND NOW**, this **2nd** day of **March, 2021**, after considering Defendant Omega Psi Phi's Motion to Dismiss (ECF No. 17) and Plaintiff's response (ECF No. 20), and after a hearing on the record on March 2, 2021, it is hereby **ORDERED** that Omega Psi Phi's Motion to Dismiss (ECF No. 17) is **GRANTED.**[1] Plaintiff may file a Second Amended Complaint by **March 22, 2021.**

---

[1] Plaintiff's First Amended Complaint contains a mixture of negligence and intentional tort claims against Omega Psi Phi. The negligence tort claims are dismissed because Plaintiff fails to plead any facts that would allow the Court to reasonably infer the existence of a duty (i.e., an imposition of responsibility based on the common law) on behalf of Omega Psi Phi towards either the Plaintiff or the local members of the fraternity.

Under Pennsylvania law, as explained in Brisbine v. Outside in School of Experiential Education, Inc., 799 A.2d 89, 93 (Pa. Super. 2002) (citations omitted),

> [g]enerally, there is no duty to control the acts of a third party unless the "defendant stands in some special relationship with either the person whose conduct needs to be controlled or in a relationship with the intended victim of the conduct, which gives the intended victim a right to protection." A special relationship is limited to the relationships described in Sections 316-319 of the Restatement (Second) of Torts. The enumerated relationships specified in the Restatement are a parent's duty to control a child (Section 316); a master's duty to control a servant (Section 317); a possessor of land's duty to control a licensee (Section 318); and the duty of those in charge of individuals with dangerous propensities to control those individuals (Section 319).

It is **FURTHER ORDERED** that Defendant Alpha Phi Alpha is dismissed from the case.[2] The Clerk of Court shall terminate said Defendant on ECF.

**AND IT IS SO ORDERED.**

*Eduardo C. Robreno*
————————————————
**EDUARDO C. ROBRENO, J.**

---

Plaintiff has not pled sufficient facts that would allow the Court to reasonably infer that Omega Psi Phi fits into any of the enumerated categories listed above.

Absent a special relationship, a duty may be found if the trial court finds that the balance of several factors weighs in favor of imposing a duty under the circumstances of a given case, such as "(1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution." Id. at 95 (quoting Althaus ex rel. Althaus v. Cohen, 756 A.2d 1166, 1169 (Pa. 2000)). Here, however, Plaintiff has not alleged that this test is applicable or pled sufficient facts to make it applicable in this case.

The cases cited by Plaintiff are entirely distinguishable. The majority of the cases cited are Title IX cases, which is not at issue in this lawsuit as it relates to Omega Psi Phi. Plaintiff also argues that Fassett v. Delta Kappa Epsilon, 807 F.2d 1150 (3d Cir. 1986) is applicable here, but the fraternity in that case had been dismissed before the Third Circuit's decision, and in any event, the case did not deal with the liability of a party (here, Omega Psi Phi) for the actions of a third party (here, the local chapter members).

Finally, Plaintiff does not plead any facts that would allow the Court to reasonably infer that Omega Psi Phi played a role in any of the intentional torts alleged or that it is somehow liable for the intentional torts of its local chapter members.

As a result of the foregoing, Plaintiff's negligence and intentional tort claims will be dismissed without prejudice. Plaintiff may file a Second Amended Complaint by March 22, 2021, or stand on her First Amended Complaint.

[2]   In an Order dated January 8, 2021 (ECF No. 12), the Court ordered Plaintiff to serve Defendant Alpha Phi Alpha by January 22, 2021. According to ECF, Plaintiff never did so.